Beck, J.
It will be necessary to consider but one question presented, as that is decisive of the case.
*563 The woman, with whose seduction the prisoner is charged in the indictment, was introduced as a witness, and by her the act of seduction was proved. Upon her cross-examination several questions were propounded to her by defendant’s counsel, as to her prior unchaste acts and conversations, and her connection, before the date of the alleged offense, with men other than defendant. These questions required her to answer whether she had not used indecent language in conversations with certain men, whose names were given, at certain times and places mentioned; whether she had not been caught in bed with a certain man, and whether she had not been frequently in bed with other men whose names were not mentioned; and whether she had not had sexual intercourse with certain men whose names were given, and with others who were not named. Upon objection being raised to these questions, the court refused to allow or require the witness to answer them.
The objections to the questions appear to have been based upon the grounds of the irrelevancy and ineompetency of the evidence sought to be elicited, and because they were not proper questions upon the cross-examination. The simple question for our determination is this one: Oould the witness be ashed, upon cross-examination, to state the facts sought for by the questions propounded to her %
The chaste character of the witness was directly in issue, for, by the terms of the statute, she must have possessed that character in order to render the act of the defendant punishable under its provisions. In order to determine her character for chastity, her acts and conduct could have been inquired into. It is proper in such cases to extend the inquiry, not only to the fact whether the woman has had, previous to the time when the offense is alleged to have been committed, sexual connection with other men, hut whether she is pure and chaste in character as to her actions and habits of life. Unchaste character may be established by such evidence. Andre v. The State, 5 Iowa, *564 389. A woman, who would indulge in indecent and lewd conversation, who would knowingly associate with the abandoned and licentious, or would act with indecency, and in a manner inconsistent with virtue and purity, is not of the chaste character contemplated by the statute. Of course, want of chastity may be shown by proof of improper intimacy or direct sexual intercourse with men. It is obvious that evidence tending to establish conversation, conduct and acts of the character above stated, is competent to establish a character for unchastity. Witnesses may be introduced to prove such facts, and there is no reason why the woman alleged to have been seduced, upon cross-examination, may not be examined in relation thereto. Her character for chastity is directly in issue; she is presumed by the law to be chaste, and to rely upon this presumption, although she does not expressly testify to her own purity. Upon this issue, in order to contradict the presumption of law or her own evidence of chastity, she may be required to testify to acts tending to prove her unchastity.
This position may be supported by an illustration drawn from the statute defining the offense of seduction. It provides that “ if any person seduce and debauch any unmarried woman, of previously chaste character, he shall be punished,” etc. In order to constitute the crime, the woman seduced must be unmarried and of previously chaste character. It is quite evident that, if the woman seduced be a witness, she may be required to testify as to the fact whether she was unmarried when the offense was committed. If, upon her examination in chief, she testifies to the act constituting the crime, upon her cross-examination she may be asked whether at the time she was married, for if she so swears the crime charged could not have been committed. The fact of her marriage contradicts the evidence she has given that the crime was committed. For the very same reason she may be interrogated to show her *565 own unchastity. If she were unchaste, there was no crime, and her evidence of that fact would contradict her statements tending to prove the offense.
In civil actions for seduction, the woman’s character for chastity is involved in the issue, as affecting the damages, and evidence of bad character and particular acts of immorality is admissible for the defendant. 1 Phillips’ Ev. (Cowan & Hill and Edwards’ notes), 760. In such cases the injury to the plaintiff) the husband or father, is dependent upon the chastity of the wife or daughter, and, for that reason, unchastity may be shown by proof of character or of particular acts. In the criminal proceeding, the offense is dependent upon the chastity of the woman alleged to be seduced. It may, therefore, be shown that she was unchaste, in order to establish the fact that no offense was committed.
Upon the trial of an indictment for rape, the prosecutrix may he asked whether she had previous connection with other men. People v. Abbot, 19 Wend. 192; The State v. Johnson, 28 Vt. 512 ; People v. Benson, 6 Cal. 221.
The questions asked the witness as to her unchastity were proper upon the cross-examination. The law raises the presumption as to her chastity, and she appeared upon the stand claiming the benefit of that presumption. In accusing the prisoner of the crime, she declared her own chastity. She was then in the position of one pressing the fact of her own purity as the ground of defendant’s conviction, and, though she had not in words testified to that effect, yet her act in prosecuting defendant and the presumption of the law placed her in the position she would have occupied had she given such evidence. For these reasons the questions propounded by defendant were proper. See People v. Abbot, supra ; 2 Phillips’ Ev. (Cowan & Hill and Edwards’ notes), 905, note 581. It will be noticed that the witness does not claim the privilege of refusing to answer, if, indeed, she could have refused, but the objec *566 tions to the questions were based upon the grounds above stated, and no others.
The judgment of the district court is
Reversed.