The State v. Shean.

1. Criminal law: SEDUCTION: EVIDENCE. Where, in a prosecution for adultery, certain witnesses for defendant testified to acts of lewdness and immodesty on the part of the prosecutrix, it was held proper for the State to rebut this evidence by testimony showing that she was a young woman of good character for chastity, of correct and modest deportment, and that, until the occurrence with defendant, she was considered a virtuous girl. DAY, J., dissenting.

2. —— ADMISSION OF EVIDENCE AFTER CLOSE OF TRIAL. While it seems that section 3070 of the Revision, authorizing the admission of

The State v. Shean.

evidence at any time before the final submission for the purpose of correcting an evident oversight or mistake, applies alone to civil causes, yet, under some circumstances and for some purposes, in criminal trials, a witness may properly be recalled after the evidence is closed, as where, for instance, a difference of opinion and misunderstanding as to what the witness testified to exists.

3. —— And where it does not affirmatively appear that such circumstances, favorable to the admission of the testimony, did not exist, it will be presumed that it was properly admitted.

4. —— ERROR WITHOUT PREJUDICE. The admission of evidence that could have worked no prejudice to the defendant will not operate to reverse the case.

5. —— INSTRUCTIONS: MUST BE CONSIDERED TOGETHER. If, when considered together, the instructions in a criminal case are correct, the judgment therein will not be reversed because, when abstractly considered, a single instruction might be erroneous.

*Appeal from Clinton District Court.*

WEDNESDAY, JULY 26.

THE defendant was indicted and convicted of the seduction of Catherine Cavenaugh, an unmarried woman, of previously chaste character, and appeals to this court. The facts of the case appear in the opinion.

*W. E. Leffingwell* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

BECK, J. — The points made by the defendant's counsel against the judgment of the court below will be considered in the order we find them presented in his brief:

I. Revision, section 4103, provides, that, upon an indictment for seduction, "the defendant cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." It is

The State v. Shean.

insisted by defendant's counsel that the corroborating evidence, required by this statute, was not introduced upon the trial to sustain the testimony of the prosecuting witness, who was the woman seduced as charged in the indict-ment.

We think the corroborating evidence introduced upon the trial amply sufficient to authorize the conviction. It was shown by other witnesses than the prosecutrix, that defendant often visited her, remaining up with her at night after the family had retired; the prosecutrix became the mother of the child, which defendant acknowleged to be his, and gave to it a name; he informed her mother that he intended to marry her; gave her money to purchase a wedding-dress, all of which occurred after the birth of the child. It is not usual, in seduction cases, to find evidence more satisfactorily corroborating the evidence of the injured party connecting the accused with the offense. In our opinion it is not only satisfactory, but uncommonly strong.

II. Upon the trial three or four witnesses for defendant testified to acts of lewdness and immodesty on the part 1. CRIMINAL of the prosecutrix; and one witness stated LAW: seduc-tion: evidence. that, on two occasions, he had sexual connection with her. The State, as rebutting evidence, introduced many witnesses, who proved that the prosecutrix was a young woman of good character for chastity, was correct and modest in her deportment, and that, until the occurrence with defendant, she was considered a virtuous girl. These witnesses were acquainted with her character and deportment; with some of them she had lived as a servant. To the introduction of this evidence defendant objected on the ground of its incompetency. The court, in his charge to the jury, gave the following instruction touching the evidence as to the good character and virtuous deportment of the prosecutrix:

"9. Proof of good character by evidence showing that

The State v. Shean.

the reputation of the woman in the neighborhood where she lived, was, previous to the time when it is alleged she was seduced and debauched by defendant, without reproach, and that her general conduct was good, is admissible on the part of the State, as tending to show the previously chaste character of the woman. But, if it be satisfactorily proved by credible evidence that the woman was actually guilty of personal unchastity prior to the time of her alleged seduction and debauchment by the defendant, and it is not shown that she had reformed, evidence of previous good reputation and general good conduct cannot avail against such proof. But, as already remarked, the weight and the credibility of the testimony given by the different witnesses is for you to determine."

It will be remembered that the testimony objected to was introduced as rebutting evidence. The presumption of the law was in favor of the previous chaste character of the injured girl. To overcome this presumption and establish a character of unchastity the defendant introduced witnesses to prove acts of lewdness, and two instances of sexual intercourse with other men. It was proper for the State to contradict this evidence, and to show that it was in fact false. This could have been done, if it had been possible, by direct evidence showing that the acts alleged against the prosecutrix were in fact never committed by her. But proof of this character, in such cases, would seldom be possible. The State, however, was not confined to this character of evidence alone. Any facts or circumstances which rendered it impossible, incredible or improbable that the girl had been guilty of the acts or conduct charged, or that the witnesses were unworthy of belief, were entirely competent for the purpose of contradicting the testimony of the witnesses against her. No one can doubt the correctness of this position.

Now the observation of all experience establishes that a woman of good reputation for virtue with those who well

knew her, of modest deportment when in the society of men and women, will not likely be guilty of the conduct charged against the prosecutrix. When such accusations are brought against women of such character they are regarded in a degree as improbable. This rule is of constant application in every-day life, and preserves the peace and name of the virtuous against the tongue of slander and hate. Without its protection the life of many good women would be embittered. It is in truth the only incentive to and reward of a life of innocence and purity, so far as this world alone is concerned. A rule of such constant application in every-day life cannot be ignored in a court of justice. The fact that a life of purity, such as will secure and sustain a reputation for virtue, renders, in a degree, charges of lewdness and sexual indulgence improbable, is the ground upon which the evidence objected to was admitted. It is in accord with all experience, and not in conflict with legal principles.

It is argued that, inasmuch as evidence of reputation is not admissible to show the character for unchastity of the prosecutrix, the like evidence is inadmissible to establish her chastity; that the true character of the woman, what she really *is*, and not her character as shown by reputation, is in issue. This we readily concede. In *order* to convict defendant, the prosecutrix must be of previously chaste character — not of a reputation for chastity — she must be really chaste. It will not do if she possesses a reputation for chastity, she must be really so. The law presumes her chaste; this presumption must be overthrown by proof of acts of lewdness. But all of this is entirely consistent with the views above stated. The legal presumption as to the woman's chastity in the case before us was assailed by evidence of acts of unchastity. This evidence in turn was rebutted by proof of character, habits and deportment tending, in a degree, to contradict the charges against her by establishing the improbability, to

The State v. Shean.

some extent, of their truth.   The evidence objected to is admissible, simply because it is in contradiction of the evidence offered by the defendant.

The instruction objected to by defendant's counsel in this connection, in this view, is correct.   It fairly and clearly expresses the weight to be given the evidence by the jury.

III. After the evidence had closed on both sides, and the district attorney had made the opening argument, and while defendant's counsel was addressing the jury, the court permitted the State to recall the prosecutrix to give evidence contradicting a statement as to her conduct made by one of defendant's witnesses.   The record does not fully show the circumstances under which this was permitted.   We do not think that section 3070 of the Revision, which authorizes the court, at any time before the cause is finally submitted, for the purpose of correcting an evident oversight, to permit either party to introduce further evidence, furnishes authority for such practice in criminal cases.   The provision applies alone to civil cases.   But in criminal cases, under some circumstances and for some purposes, after the evidence is closed, a witness may be recalled. This would be admissible if his evidence had been misunderstood by the court, counsel or jury; and it is often done when counsel differ as to the evidence given, and the court is unable to determine the precise statements of the witness.   The reasons that induced the court to permit the witness to be recalled at this stage of the proceedings do not appear.   Her statements, when recalled, related to the evidence of a witness for defendant, and was in contradiction thereof.   She had testified before upon the same point, as appears from the record of her evidence, but not to the precise fact established by her testimony when recalled.   It does not affirmatively appear from the record that the evidence was not introduced under the rules

2. —— admission of evidence after close of trial.

above stated.   We are required, in the absence of showing to the contrary, to entertain presumptions in support of the ruling of the court.   We must therefore presume that it was supported by a rule of the law which may have been applicable to the particular case.

In another view, the ruling complained of will not work a reversal of the case.   The evidence given by the prose-4. —— error with-   cutrix, when recalled, was simply contra-out prejudice.   dictory of a statement of a witness for defendant.   That statement was but one of many others of like character made by defendant's witnesses.   These, or most of them, the prosecutrix had, in the rebutting examination, contradicted.   Her statements, when recalled, were simply of a like character with her other contradictions of defendant's witnesses.   The statement she then denied was of no greater importance than many others contradicted by her.   Under these circumstances, admitting that she was improperly recalled, her statement then made could have wrought no prejudice to defendant.   It is, therefore, no ground for a new trial.   It may, in this connection, be remarked that defendant's counsel does not attempt to show that defendant was, in fact, prejudiced by the evidence.   And the objection made at the trial was not to the evidence, but to the introduction of the witness at that stage of the case.

IV.  As we have before remarked, the evidence in corroboration of the prosecutrix is amply sufficient.   This 5. —— instruc-   the jury were told in one of the court's tions : must   be considered   instructions.   It is, among other reasons, together.      objected to, because on enumerating the corroborating evidence the court mentions the illegitimacy of the child as one.   The instruction may be obnoxious to criticism upon this point, but in its evident meaning and force it is unobjectionable.   The court, in enumerating the corroboratory facts testified to by other witnesses, with the regular and frequent visits of

The State v. Shean.

defendant to the prosecutrix, his confessions and statements made to others, etc., mentions "the illegitimacy of the child." What the court meant in the instruction by the use of these terms is evidently this: The fact that an illegitimate child was borne by the prosecutrix, with the other facts of defendant's visits and confessions, corroborate her evidence of defendant's connection with the commission of the offense. In this view the instruction, taken as a whole, is entirely unobjectionable.

V. It is insisted that the verdict lacks support in the evidence. We think otherwise. The only ingredient of the offense of which there can be a doubt is as to the previously chaste character of the prosecutrix. Upon the record before us some question may exist upon that point, as there is a conflict of evidence thereon. But the jury and court below had all the witnesses before them, and were charged with the duty of determining the questions whereon there was a conflict. They, with the witnesses before them, were better able to determine those questions than we can be. There is nothing in the record tending to show that their determination was not the result of a proper exercise of sound judgment and enlightened discretion, honestly and faithfully applied to the facts of the case. Under these circumstances, the verdict and judgment cannot be disturbed.

Affirmed.

DAY, Ch. J., is unable to concur with the other members of the court in the admissibility of the evidence as to the reputation of the prosecutrix for chastity. He concurs in all other points ruled.