## BROWN v. KINGSLEY.

1. **Pleading**: SEDUCTION. In an action for seduction, the allegation of the ultimate fact of seduction is sufficient, without a statement of the acts made use of to deceive, or an averment that they deceived the plaintiff.

2. **Evidence**: SEDUCTION. If plaintiff's testimony tended in any degree to show that she had been seduced, it would be error to exclude it, notwithstanding it also tended to show that she had been forcibly debauched.

3. ———: ———: WHEN WITNESS MAY REFUSE TO ANSWER. Plaintiff in an action for seduction may, as a witness, refuse to answer whether she has previously had intercourse with other men, on the ground that the matter sought to be elicited tends to expose her to public ignominy.

4. **Seduction**: HOW ESTABLISHED. To make out the case of seduction, not only must the fact of sexual intercourse be made to appear, but also that it was accomplished by artifice or deception

5. ———: ———: INSTRUCTION. An instruction which told the jury that a threat by the defendant to dismiss the plaintiff if she did not yield to him, was proper to be considered in determining whether he accomplished his purpose by artifice, *held* to be correct.

6. **Evidence**: SUFFCIENCY OF TO SUSTAIN VERDICT. When all the evidence is not before the Supreme Court, the question of the sufficiency of the evidence to sustain the verdict cannot be considered.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, APRIL 22.

ACTION FOR SEDUCTION. Jury trial. Verdict and judgment for plaintiff. Defendant appeals. The further facts appear in the opinion.

*George Watson*, for appellant.

*Peters & Heath*, for appellee.

MILLER, CH. J.—I. The first assigned error is in overruling appellant's motion for a more specific statement of the "acts made use of to deceive and mislead," and to require the plaintiff "to aver that they were believed by her, or relied on as true, genuine, or real, and that she acted on them as such."

The *fact* of seduction was sufficiently alleged in the petition. It was the ultimate fact to be established by proof of acts on the part of the defendant which led to the seduction. This ultimate fact only was proper to be stated in the pleading. The evidence tending to establish it was neither necessary nor proper. The motion, therefore, was properly overruled.

*1. PLEADING: seduction.*

II. On the trial, and after the plaintiff as a witness had given testimony to the jury without objection, the defendant moved to exclude her testimony on the alleged ground that it showed she had not been seduced by the defendant, but had been forcibly debauched. The court overruled this motion, and we think rightly; for upon examination of the evidence we think it does tend, in some degree at least, to show that she had been seduced by the defendant. Her testimony tends to show that she was induced to yield to his embraces through artifices practiced by him. The weight of her testimony was therefore proper for the consideration of the jury, and it would have been error to have excluded it. *Way v. The Ill. Cent. R'y Co.*, 35 Iowa, 585, and cases cited.

*2. EVIDENCE: seduction.*

III. On the cross-examination of the plaintiff, as a witness, she was asked by appellant's counsel the following question: "Did you before this time, (referring to the time of the alleged seduction), have intercourse with other men?" The witness refused to answer on the ground of privilege. Appellant's counsel requested the court to compel her to answer the question, but the court sustained the witness in her refusal. Appellant assigns this ruling as error.

*3. ———: ———: when witness may refuse to answer.*

Our statute provides that, "no witness is excused from answering a question upon the mere ground that he would be thereby subjected to a civil liability. But when the matter sought to be elicited would tend to render him criminally liable, or to expose him to public ignominy, he is not compelled to answer," etc. Revision, §§ 3988, 3989. This term "ignominy," means shame, disgrace, dishonor. See Webster's Unabridged Dic. "Public ignominy," therefore, means public

disgrace, public dishonor. The matter sought to be elicited by the question would, most clearly, tend to bring the witness into public disgrace; for, by the question the appellant sought to show that, prior to her seduction, the witness had illicit intercourse with other men than the defendant. It was the right of the witness, therefore, to refuse to answer, and there was no error in the ruling of the court on this point. The case of the *State v. Sutherland*, 30 Iowa, 570, cited by appellant, has no application to this question. That was a criminal prosecution for seduction, in which the *previously chaste character* of the prosecutrix is an essential ingredient of the offense, and the witness in that case did not refuse to answer the interrogatory propounded to her in respect to her previous conduct with other men. In that case the court, on objection by the State, refused to allow the question to be put to the witness.

IV. The defendant complains of the ruling of the court in refusing to give the third and fourth instructions asked by him. So far as they are correct statements of the law, they were embodied in the first paragraph of the court's charge, which is as follows:

4. SEDUCTION: how established.

"It is not sufficient, in order to make out her case for the plaintiff, to show alone that the defendant had sexual intercourse with her, but she must show that he accomplished his purposes by some promise or artifice, or that she had been induced to yield to his embraces by flattery or deception; if without being deceived, and without any false promises, deceit or artifice, she voluntarily submitted to the defendant's embraces, the law affords her no remedy in a civil action." This instruction expresses the law as held by this court in *Smith v. Milburn*, 17 Iowa, 30, and *Delvee v. Boardman*, 20 Id., 446.

V. The court, in its charge, said to the jury that, " a threat to dismiss the plaintiff from service if she did not submit to the alleged illict intercourse with defendant may be considered by the jury as tending to show that she was overpersuaded by the artifice of the defendant to submit to his embraces, and did not voluntarily abandon herself to debauchery. But you are the sole judges of the weight to

5. ——: ——: instruction.

be given to such fact, if you find the seduction established by the evidence." Appellant assigns the giving of this instruction as error. The testimony of the plaintiff shows among other things that she was in the employment of the defendant in his cheese factory; that while they were together in the building and after she had refused to accede to his solicitations, and submit herself to his embraces, he threatened that if she did not consent to do so, he would turn her off. The instruction was applicable to the evidence in this respect, and surely this evidence was proper to be *considered* by the jury as *tending* to show that the plaintiff did not voluntarily submit to be debauched. Whether it did so show, or what weight, if any, should be attached to it, the court very properly left to the jury. The jury might find that this threat was *one* of the arts made use of by the defendant to draw the plaintiff from the path of virtue, and which, with others used by him, had that effect.

VI. It is lastly insisted that the verdict is against the evidence. The only evidence contained in the record

6. EVIDENCE: sufficiency of to sustain verdict. is that of the plaintiff. Her testimony shows that she was an unmarried female; that the defendant had frequent illicit intercourse with her; that she became pregnant, and was delivered of a child as the result of that intercourse, and from her evidence the jury might reasonably find the fact of seduction to be established. At all events we cannot say that they were not warranted in so finding. While we are free to say that the evidence does not make a strong case for the plaintiff, we cannot say that it is insufficient to sustain the verdict. The judgment of the court below will be

AFFIRMED.

### OPINION ON REHEARING.

BECK, J.—A rehearing was granted in this cause, and it was again argued. A careful consideration of the case anew, and a thorough examination of the record before us, leave us without doubt as to the correctness of the conclusions announced in the foregoing opinion. A very brief discussion,

in addition to the views we have before expressed upon some of the points involved in the case, will serve to make plainer our conclusions.

I. In order to charge defendant with the seduction of plaintiff, it is not necessary that the manner of accomplishing the act, or the circumstances attending it, should be set out. As is stated in the foregoing opinion, the seduction is the ultimate fact which need only be stated in the petition. But defendant's counsel insists that the petitioner, in order to show defendant's liability, should allege that the seduction was accomplished through falsehood, fraud or deceit. But the very use of the terms "seduce," "seduction," implies the manner of the act. To seduce is " to draw away from the path of rectitude and duty in any manner, by flattery, promises, bribes, or otherwise." (Webster.) Seduction is "the offense of a man who abuses the simplicity and confidence of a woman to obtain by false promises what she ought not to give." (Bouvier's Dict.)

The allegation that defendant did seduce plaintiff, implies that the act was done by flattery, false promises, or the exercise of other influences. Voluntary intercourse, without being secured by such influences on the part of defendant, would not amount to seduction. By the use of the word "seduce," the acts which render defendant liable are sufficiently charged.

II. An instruction of the court to the effect that defendant's presence and silence, at the trial was to be taken as a strong presumption that he admitted the truth of plaintiff's evidence, is complained of in the petition for a rehearing. But no exception was taken at the trial to this instruction, and upon the first argument of the case here no point was made upon it. It is too late now to raise objections based upon this instruction; we cannot consider them.

III. It is urged in the petition for rehearing that the evidence did not warrant the conviction. But we do not have before us all of the testimony upon which the verdict was rendered. This fact alone forbids us to interfere with the judgment.

The other points in the case are sufficiently discussed in our first opinion. It is unnecessary to say more here. We adhere to the conclusions before announced.

AFFIRMED.