## The People v. Walter Clark.

*Seduction: Distinct acts: Election: Evidence.* Under an information for seduction the introduction of evidence tending to prove one distinct substantive offense is a sufficient election, without any express announcement to that effect, of such offense as the one upon which alone a conviction will be sought, to preclude the proof of any other substantive offense as the basis of a conviction.

*Seduction: Evidence: Subsequent acts.* Subsequent acts of intercourse cannot be given in evidence, on a trial for seduction, as corroborating testimony, for they have no such tendency.

*Seduction: Illicit intercourse: Promise: Chastity.* Illicit intercourse alone does not constitute seduction, but the complainant must have yielded to some sufficient promise or inducement, and have been thereby drawn aside from the path of virtue she was honestly pursuing at the time.

*Seduction: Frequent repetitions: Reformation: Evidence.* Where it appears that illicit intercourse was had between the parties as opportunity offered, at short intervals, to warrant a conviction of seduction for the second or third or later act there should be clear and satisfactory proof of reformation.

*Seduction.* Where a woman willingly submits to indulge a criminal desire, the fact that a promise of marriage is made as matter of form merely, is not enough of itself to characterize the act as seduction.

*Seduction: Illicit intercourse: Promise: Chastity.* Illicit intercourse in reliance upon a promise made is not alone sufficient to make the act seduction, but the nature of the promise and the previous character of the woman for chastity must be considered.

*Seduction: Previous seduction: Reformation: Presumption.* A woman who has been before seduced and has reformed may be again the subject of

seduction; and where a reasonable time elapsed between the different acts, a presumption in favor of reformation may arise; but where the repetitions are frequent and the intervals short, as in this case, no such presumption arises, and the burden of proving reformation is upon the prosecution.

*Seduction: Previous chastity: Evidence.* It is competent on a trial for seduction, for the defense to show that the prosecutrix had, previous to the alleged offense, had illicit connection with another man, the chastity of the female at that time being in all cases involved.

*Seduction: Evidence: Preliminary examination.* It is not competent to show that the complainant, though present, was not sworn and examined before the magistrate on the preliminary examination of the defendant for the offense in question.

*Seduction: Evidence: Conspiracy.* Evidence of a conspiracy between complainant and her father and mother to inveigle the defendant into a marriage with complainant, and failing of this to prosecute him, is admissible on a trial for seduction.

*Evidence: Experts: Opinions: Physicians: Sexual intercourse.* The opinions of medical experts, that sexual intercourse under the circumstances described by the complainant, *i. e.*, in a buggy, was highly improbable, if not impossible, and also as to the pain and suffering the complainant would have experienced had such an act taken place, are held admissible.

*Commencement of prosecution: Statute of limitations.* The issuing of a warrant in good faith and delivery to an officer to execute, where the defendant was afterwards arrested upon that warrant and bound over for trial, is a sufficient commencement of the prosecution to satisfy the requirement of the statute of limitations.

*Waiver: Information: Pleading.* The defendant, by pleading to the information, waives all objection on the ground that as but one offense was charged in the warrant no other offense could be set forth in the information.

*Heard October 7. Decided January 5.*

Exceptions from Calhoun Circuit.

*Andrew J. Smith, Attorney General,* for the People.

*John C. Fitzgerald* and *C. I. Walker,* for respondent.

MARSTON, J:

The defendant was convicted for the seduction of Alice J. Morey. There were three counts in the information: the *first* charged him with committing the offense on the 28th of July, 1873, in the county of Calhoun; the *second,* with the commission of a like offense on the same day in the township of Penfield, in said county; and the *third,*

33 MICH.—15.

with a like offense, under and by means of a promise of marriage, on the same day, in the county of Calhoun.

Upon the trial the prosecution introduced the complaining witness, who gave evidence tending to prove an act of seduction, in the town of Penfield, July 28th 1873. The prosecution then offered to prove a distinct and subsequent act of seduction, stating for the first time, that they relied upon this instance, and not the one already proven, for conviction. This was objected to, but admitted, the court remarking that the prosecution would have to elect one particular act or transaction to put before the jury. The prosecution then offered to prove a third distinct act, which occurred subsequent to the first act proven to have taken place in the town of Penfield, but prior to the second act already proven. This was also objected to, but admitted.

After the close of the argument, but before the court charged the jury, the prosecuting attorney stated to the court, in the hearing of the jury, that he relied upon the last act of intercourse, which was the second proved, and that if the court desired him to elect, he would elect that act; no election, however, was made; and the court charged the jury that it was sufficient if the prosecution had proved the offense committed at any time within a year prior to the 24th of June, 1874, that being the time when the prosecution was commenced; and refused to charge, that the prosecution having first put in evidence tending to show that the defendant committed the offense in Penfield, on the 28th of July, they were not at liberty to prove any subsequent offense committed elsewhere, for any purpose; and that the jury could not consider the evidence of such subsequent offense for any purpose whatever.

It was decided in *People v. Jenness, 5 Mich., 327*, that the prosecution, before the evidence was introduced, could select any one act of criminal intercourse, such as was charged in the information, which occurred within the jurisdiction of the court and within the period of the statute of limitations, but when evidence had been introduced tending directly

to the proof of one act, for the purpose of procuring a conviction upon it, the prosecutor had thereby made his election and could not be allowed to prove any other act of the kind as a substantive offense upon which a conviction might be had in the cause.

Upon this question we consider the ruling in that case decisive. The act alleged to have been committed in the buggy, in the town of Penfield, being the first to which evidence was introduced, was the only offense upon which the defendant could be tried; and if proof of subsequent acts were admissible at all, they could not be admitted as distinct offenses to go to the jury and upon which the defendant might be convicted. It was not necessary for the prosecution to expressly elect for which act they would try the defendant in order to bind them. The fact of their introducing evidence tending to prove a distinct substantive offense was a sufficient election. In this case under the charge as given, there was no certainty whatever that the jurors all united upon the same act in finding the defendant guilty.

Nor could the prosecution after having thus introduced evidence tending to show an offense committed in the town of Penfield, on the 28th of July, show subsequent acts as corroborating testimony, as they would have no such tendency. Proof of previous acts of sexual intercourse would tend to show a much greater probability of the commission of a similar act charged to have occurred subsequent thereto, but the converse of this proposition would not be true, as the proof of a crime committed by parties on a certain day could have no tendency to prove that they had, previous thereto, committed a similar offense.—*People v. Jenness, supra; Templeton v. The People, 27 Mich., 501; The People v. Schweitzer, 23 Mich., 304.*

There is still another serious objection to the prosecution relying upon the second or third act proven in this case for a conviction. It appeared from the testimony of the complaining witness that the first offense was committed, if at

all, on the 28th of July, 1873; that the second and third offenses were committed, if at all, during the month of August following, but at what particular time she was unable to state. And upon cross-examination she gave testimony tending to prove several distinct acts of intercourse, in all instances connected with a promise of marriage, in the months of July and August, and all subsequent to the 28th of July.

Illicit intercourse alone would not constitute the offense charged. In addition to this the complainant, relying upon some sufficient promise or inducement, and without which she would not have yielded, must have been drawn aside from the path of virtue she was honestly pursuing at the time the offense charged was committed. Now, from her own testimony it would seem that the parties had illicit intercourse as opportunity offered. "Such is the force and ungovernable nature of this passion, and so likely is its indulgence to be continued between the same parties, when once yielded to, that the constitution of the human mind must be entirely changed before any man's judgment can resist the conclusion" that where parties thus indulge their criminal desires it shows a willingness upon her part that a person of chaste character would not be guilty of, and that although a promise of marriage may have been made at each time as an inducement, it would be but a mere matter of form, and could not alone safely be relied upon to establish the fact that she would not have yielded had such a promise not been made.

We do not wish to be understood as saying that, even as between the same parties, there could not be a second or even third act of seduction; but where the subsequent alleged acts follow the first so closely, they destroy the presumption of chastity which would otherwise prevail, and there should be clear and satisfactory proof that the complainant had in truth and fact reformed, otherwise there could be no seduction. The object of this statute was not to punish illicit cohabitation. Its object was to punish the

seducer, who, by his arts and persuasions, prevails over the chastity of an unmarried woman, and who thus draws her aside from the path of duty and rectitude she was pursuing. If, however, she had already fallen, and was not at the time pursuing this path, but willingly submitted to his embraces as opportunity offered, the mere fact of a promise made at the time would not make the act seduction.

Nor will illicit intercourse which takes place in consequence of, and in reliance upon a promise made, make the act seduction. If this were so, then the common prostitute, who is willing to sell her person to any man, might afterwards make the act seduction by proving that she yielded relying upon the promise of compensation made her by the man, and without which she would not have submitted to his embraces. Illicit intercourse, in reliance upon a promise made, is not sufficient, therefore, to make the act seduction. The nature of the promise, and the previous character of the woman as to chastity, must be considered. And although the female may have previously left the path of virtue on account of the seductive arts and persuasions of the accused or some other person, yet if she has repented of that act and reformed, she may again be seduced. We do not say that there may not have been a reformation in this case; indeed there may have been many, but they were unfortunately fleeting. Had a reasonable time elapsed between the different acts, a presumption in favor of a reformation might arise, but we think no such presumption could arise in this case, and that the burden of proving such would be upon the prosecution.

In this connection we may discuss another question raised. Upon cross-examination of the complaining witness she was asked whether previous to this time she had ever had connection with any other man. This was objected to as irrelevant, and the objection was sustained. It does not clearly appear from the record what particular time the question referred to, whether to a time previous to the first alleged act of intercourse with the defendant, or previous to

the trial.    If the latter, the ruling was clearly correct.— *People v. Brewer*, 27 *Mich.*, 134. If the former, then we think the question, under the objection made, was proper. In the examination of this question, and also of the one last discussed, we have derived but little benefit from an examination of the authorities.    Seduction was not punishable by indictment at common law, and the cases which discuss these questions are all under statutes which differ in some respect from ours.

In most of the states their statute makes the seduction of a woman of "previous chaste character" an indictable offense, while there are no such words, nor any of like import in ours,—and the courts have held that the words "previous chaste character" means that she shall possess actual personal virtue, in distinction to a good reputation, and that a single act of illicit connection may therefore be shown on behalf of the defendant.    If, however, we are correct in what we have already said upon the question as to what is necessary to make an act of illicit intercourse seduction, then the chastity of the female at the time of the alleged act is in all cases involved, and the presumption of law being in favor of chastity, the defense have a right to show the contrary.    This, upon principle, we consider the correct doctrine, and that it necessarily follows from what we have said upon the other question.    As bearing upon these questions we refer to *Carpenter v. The People*, 8 *Barb.*, 603 ; *State v. Shean*, 32 *Iowa*, 88 ; *Kenyon v. The People*, 26 *N. Y.*, 203 ; *State v. Carron*, 18 *Iowa*, 372 ; *Andre v. The State*, 5 *Iowa*, 389 ; *Boak v. The State*, 5 *Iowa*, 430 ; *Cook v. The People*, 2 *Thompson & C. (N. Y.)*, 404 ; *Crozier v. The People*, 1 *Harris C. C.*, 453 ; *Safford v. The People*, *Id.*, 474 ; *State v. Sutherland*, 30 *Iowa*, 570.

The defense offered to prove that during the examination of the defendant for this offense, the complainant was present but was not examined.    This was excluded, and we think rightly. . The complaining witness, of her own motion,

could not take the stand as a witness upon that examination. The prosecuting attorney need not necessarily be present, but even if he were, we think at that stage of the proceedings he must have some discretion given him as to what witnesses he should call, and his omission to call any particular witness cannot be made a subject of criticism upon the trial in the circuit.

The defense also offered certain evidence tending to show a plan between the complainant, her father and mother, to inveigle the defendant into a marriage with the complainant, and failing, to prosecute him. This was their theory of the case, and for this purpose the evidence was admissible. This is an offense where it is very difficult for the defense to present any direct evidence to disprove the charge, as third parties are not usually called in to witness such transactions, although in this case it does appear that complainant's mother did find them in bed together on one occasion. She, however, whether discreetly or not, kept silent and did not communicate that fact to her husband or any one for nearly a year thereafter. We think the facts offered by the defense tended to support their theory, and they had a right to have them presented to and considered by the jury, as bearing upon the question whether the offense charged had been committed or not.

Medical witnesses were called to testify, that in their opinion intercourse, under the circumstances described by the complainant, was highly improbable if not impossible, and also to the pain and suffering the complainant would have experienced had such an act taken place. As already said, the defense is a difficult one to prove, no matter how innocent the accused may be, more especially where the parties have been in each other's company, and thus apparently an opportunity has been given to commit such an offense. The time the parties were together, the particular place, and the probabilities arising therefrom of their being caught in the act, their position and their opportunities while together,

all or any of these may render it highly improbable, if not impossible, that such an offense was really committed. And although counsel in their argument might draw the same conclusion as a medical expert would from the facts proven, yet they are not bound to rely upon this, but may call competent parties to testify upon that subject.

To establish the fact that the prosecution was commenced within one year, the warrant issued by the magistrate was offered in evidence, but objected to: *first,* because it did not appear that the complaint referred to therein was in writing; and, *second,* that the warrant itself would not be evidence of the commencement, but would only be evidence when coupled with the examination and return of the magistrate. The evidence and return of the magistrate was afterwards offered in evidence, which disposed of the second objection. And as to the first, the statute does not require a complaint in writing. The issuing of the warrant in good faith, and delivery to an officer to execute, is a sufficient commencement, if it appears that the defendant was afterwards arrested upon that warrant and bound over for trial.

A question was raised that as but one offense was charged in the warrant no other offense could be set forth in the information. The defendant, by pleading to the information, waived any such question that he might have raised thereto.

Questions were also raised as to the charge of the court relative to the effect of good moral character, and some others which are not likely to arise again, under previous decisions of this court which seem to have been overlooked, and we do not consider it necessary therefore to discuss them.

The conviction should be set aside and a new trial granted, and directions given to the court below accordingly.

The other Justices concurred.