Polk v. The State.

## POLK vs. The State.

1. SEDUCTION: *Indictment.*

An indictment for seduction under a promise of marriage need not allege that the parties were of full age and able to make a valid promise to marry without the consent of parents or guardian, nor even that they were of competent age to contract marriage. The offense may be committed by an infant upon an infant, if they have reached the age of puberty.

2. SAME: *Evidence of prosecutrix must be corroborated.*

An indictment for seduction under a promise of marriage can not be sustained upon the uncorroborated evidence of the prosecutrix. The promise to marry, and the fact of intercourse, must be proved either directly or inferentially by other testimony than her own. Sexual intercourse may be inferred from circumstances, opportunities and the relations and conduct of the parties.

3. SAME: *Examination and contradiction of prosecutrix as a witness.*

In an indictment for seduction, neither the prosecutrix nor any witness can be questioned as to particular acts of intercourse with the witness, but if such question be asked and she denies it, she may be contradicted by him, both to test her accuracy and impeach her chastity.

4. SAME. *Character of prosecutrix for chastity.*

In every prosecution for seduction the character of the seduced is involved, though not expressed in the statute. And this character is not her general reputation in the community, but the possession of actual personal chastity, and may be impeached by proof of particular instances of incontinence occurring before the seduction.

5. SAME: *Chastity of prosecutrix presumed.*

In a prosecution for seduction the chastity of the prosecutrix is presumed, and the burden is upon the defendant if he would impeach it; which he may do by proof of her acts of immorality or indecorum, or her general bad character, before the seduction. And in rebuttal the State may prove her previous purity by her own testimony or by her general reputation; and if previous lapses from virtue are proved her reformation may be shown.

APPEAL from *Ouachita* Circuit Court,

Polk v. The State.

Hon. C. E. MITCHELL Circuit Judge.

*Barker & Johnson* for appellant.

As the defendant was permitted to ask the witness, Lizzie Autrey, in regard to promises she had made, &c., he should have been allowed to show that her answers were false. 2 *Greenl., Ev., p.* 562, *sec.* 577. Proof of want of chastity was admissible. 1 *Phillips Ev.,* 760-1; *Hofler v. State,* 16 *Ark.,* 534.

The testimony of the prosecutrix was not corroborated. There was no proof that the appellant and the prosecutrix were of sufficient age to contract marriage. *Gantt's Dig., sec's.* 4172-4186.

*C. B. Moore,* Att'y. Gen'l., for the State.

SMITH, J. The defendant was indicted and convicted of the seduction of Lizzie Autrey, an unmarried woman, under a promise of marriage, and was sentenced to undergo imprisonment at hard labor in the penitentiary for the term of one year and to pay a fine of one dollar.

The indictment is based on Sec. 1319 of Gantt's Digest: "Any person who shall be convicted of obtaining carnal knowledge of any female by virtue of any feigned or pretended marriage, or of any false or feigned promise of marriage, shall be imprisoned not exceeding two years in the penitentiary and fined in any sum not exceeding five thousand dollars; but no person shall be convicted of said crime upon the testimony of the female, unless the same be corroborated by other evidence."

The defendant moved in arrest of judgment, because the indictment only stated that the parties were past the age of puberty, and did not state that they were of full age, and so able to make valid and binding promises to marry without the consent of parents or guardian, nor even that they were of sufficient age to be capable in law

1. SEDUCTION.
Indictment.

Polk v. The State.

of contracting marriage; which by our statute is fixed at seventeen years in males and fourteen years in females. This objection is frivolous.

The offense consists in having illicit connection with an unmarried female, who yields to the solicitations of her seducer under the inducement of a promise of marriage. And it may be committed by an infant upon an infant, provided they have reached the age of puberty. *Kenyon v. People*, 26 *N. Y.*, 203. *Crozier v. People*, 1 *Parker's Criminal Rep.*, 455.

The evidence tended to show that Lizzie Autry was thirty-one years old and the defendant thirty; that in June, 1880, he had been her accepted suitor; that no criminal conversation had occurred between them until October, 1880, when he obtained possession of her person under an express promise of marriage; that she became pregnant and was in July, 1881, delivered of a child; that he paid his last visit to her on the first of April, 1881, when he was informed of her situation and renewed his promise to take her to wife on the following Thursday, but instead of keeping his word fled to Texas, from which State he addressed her letters, inviting her to join him there and suggesting that, for defraying the expenses of her journey, she might sell certain hogs, which, as we infer, belonged either to him or to her.

**2. Evidence of prosecutrix must be corroborated.** It was assigned in the motion for a new trial and has been argued here, that the testimony of the prosecutrix was uncorroborated. The statute requires corroboration, but has not specified the particulars to which the corroboration must extend. This is obviously a branch of the rule, recognized by our statute (Gantt's Digest, Sec. 1932) which forbids a conviction upon the unsupported testimony of an accomplice. The woman is in such cases *particeps criminis*. We therefore hold that her evidence

Polk v. The State.

must be strengthened by other evidence tending to connect the defendant with the commission of the offense. The promise of marriage and the fact of intercourse must be proved, either directly or inferentially, by testimony other than her own. See cases cited above and *State v. Shean*, 32 *Iowa*, 89.

Now, upon the point of a promise of marriage, the prosecutrix was supported by her mother, who stated that the defendant had, in August, 1880, asked of her Lizzie's hand in marriage, and that she had given her consent.

In the nature of things, sexual intercourse is rarely susceptible of direct proof. It is usually inferred from circumstances, opportunities and the relations and conduct of the parties to each other. Here the defendant was an accepted suitor and a frequent visitor; and her subsequent pregnancy and giving birth to a child, coupled with his flight and continued correspondence with her, are cogent arguments of his guilt.

*Evidence of intercourse.*

If this were all that was in this case, we should unhesitatingly affirm the judgment of conviction. The prosecutrix admitted that she had once been engaged to be married to one John White, who had afterwards married another girl; but denied that this engagement had been broken off on account of her lewdness. She also denied that she had permitted undue familiarities with her person upon a certain occasion from one Hudson, or had promised to grant him immodest favors if he would assist in promoting her marriage with the defendant. It was proposed on the part of the defense to show by Hudson and White that her answers to the questions asked her upon cross-examination were false, so far as related to them. But the Circuit Court ruled out this evidence. It should have been admitted by way of testing the ac-

*3. Examination and contradiction of prosecutrix as a witness.*

curacy of her statements, if for no other reason. *Hofler v. State*, 16 *Ark.*, 534.

Her character for chastity involved.

How impeached.

But there was a deeper reason. In every prosecution for seduction the character of the seduced female is involved in the issue. And character means in this connection, not her general reputation in the community, but the possession of actual personal chastity. Now Lizzie Autry made oath that she had never had unlawful commerce with any man except the defendant, and only on two occasions with him. The defendant offered to prove by Hudson, one of the State's own witnesses; by White, to whom she had formerly been engaged, and by several other witnesses, that she was not a virtuous woman at the time of her alleged seduction, and interrogated these witnesses as to specific acts of criminal conversation with her. But the Court refused to permit the examination to proceed in this direction.

The evidence was competent. All the cases agree that, upon a trial for seduction, the girl's chastity may be impeached by particular instances of incontinence, occuring before the defendant's intimacy with her. This is in fact the best proof on the subject. Some Courts go so far as to hold that it is the only legitimate proof, and exclude evidence of general reputation. 2 *Gr Ev.*, sec. 577; 1 *Phillips Ev.*, 4th Am. Ed., p. 760; *Bishop, Stat. Crimes*, sec's. 639, 649-50; *Kenyon v. People and Crozier v. People, ubi supra; Safford v. People*, 1 *Parker Cr. R.*, 474; *Carpenter v. People*, 8 *Barb.*, 603; *State v. Shean, supra; People v. Clark*, 33 *Mich.*, 112.

It is not, indeed, expressed in our statute, as it is in the statute of New York and of some of the other States, that the woman should have been of previous chaste character. But it is plainly implied. The legislature never intended to send a man to the penitentiary for

Polk v. The State.

having had illicit connection with a prostitute or a woman of easy virtue, where she had consented, even under a promise of marriage. The statute of Michigan also omits the words "of previous chaste character," but it has received the same construction as if they had been there. *People v. Brewer*, 27 *Mich.*, 134; *People v. Clark*, *supra*.

As the defendant must have a new trial and the statute is comparatively recent, we indicate the rules of evidence applicable to this issue.

Since, in the female sex, chastity is the rule and want of it the exception, the presumption is in favor of virtue. No evidence is required to establish it in the first instance, and the burden is on the defendant, if he would assail it, notwithstanding the presumption of his innocence. *Andre v. State*, 5 *Iowa*, 389; *Boak v. State*, *Ib.*, 430; *State v. Higdon*, 32 *Id.*, 262. *But see contra, West v. State*, 1 *Wis.*, 209.

*Chastity of prosecutrix presumed.*

The defendant may prove particular acts of immorality or indecorum, as well as her general bad character. But the inquiry must be confined to the period preceding the defendant's misconduct. No witness, however, can be compelled to disclose, against his objections, whether he has ever had sexual intercourse with the prosecutrix, since his answer might tend to criminate himself.

*No witness compelled to disclose his inter course with prosecutrix.*

In rebuttal the State may prove her previous purity by her own testimony; and she cannot, on cross-examination, be asked whether she had not previously been criminal with other men, since such questions tend to degrade the witness in the estimation of the jury. If, however, such question is suffered to be put and she denies the imputation, witnesses may be called for the purpose of contradiction, as well as to prove the facts. It may be further shown that she was a woman of good character,

*Prosecutrix may not answer as to intercourse with other men.*

of correct and modest deportment, and that until the occurrence with the defendant, she was considered by her acquaintances to be virtuous.   If previous lapses from virtue are proved, reformation may be shown; for it may have been an indiscretion of which she instantly repented and which she never repeated.   2 *Gr. Ev., sec.* 577; *State v. Shean,* 32 *Iowa,* 88; *People v. Clark,* 33 *Mich.,* 112.

Reversed.