## MAHANKE v. CLELAND.

1. **Witness:** SELF-CRIMINATING TESTIMONY: WHEN EXCUSED FROM ANSWERING. Before a witness is entitled, under section 3647 of the Code, to be excused from answering questions relating to his participation in a fraudulent conveyance, on the ground that his answers would tend to criminate himself, it must reasonably appear, not only that the conveyance was constructively fraudulent so as to be invalid as against creditors, but that it was criminally fraudulent under the statute; also that prosecution for the offense, if any, is not barred by the statute of limitations.

2. ——: SELF-DISGRACING TESTIMONY: WHEN EXCUSED FROM ANSWERING. Before a witness is entitled, under section 3647 of the Code, to be excused from answering questions on the ground that his answers would expose him to public ignominy, it must reasonably appear not only that they would disclose acts on his part which might justify public censure and disapproval, but acts of a more serious nature, which would tend to expose the perpetrator to public hatred, or detestation, or dishonor. And under our statute no rule applicable to all cases is possible, but the privilege of the witness must depend largely upon the facts of the transaction which is sought to be shown.

*Certiorari to Butler District Court.*—HON J. B. CLELAND, Judge.

FILED, DECEMBER 22, 1888.

Mahanke v. Cleland.

THIS is a *certiorari* proceeding to test the validity of an order requiring the plaintiff to answer questions in regard to a certain issue involved in an action then pending, to which she was a party defendant.

*Hemenway & Grundy*, for plaintiff.

No appearance for defendant.

ROBINSON, J.—John Smallpage commenced an action in the district court of Butler county, in which the petitioner in this proceeding and one John Mahanke were made parties defendant. The petition in that action alleges that Smallpage is the owner of a judgment rendered by said district court against said John Mahanke, on which an execution has been issued and returned unsatisfied, and on which there is due about the sum of eight hundred dollars; that before said judgment was rendered said John Mahanke, being the owner of certain lands in Butler and Grundy counties, "did make a pretended sale and conveyance, by deeds of the same," to the plaintiff in this action, "with intent to hinder, delay and defraud the plaintiff in the collection of his said judgment;" that the plaintiff in this action "took said deeds of conveyance with the like intent, and without paying therefor any consideration." The petition prays that the conveyances be set aside, and that the land therein described be subjected to the payment of said judgment. The plaintiff in this action, by her answer, admitted the allegations in regard to the judgment, and that the conveyances specified had been made to her, but denied that they were made without consideration, and denied all allegations of fraud. While the action aforesaid was pending the plaintiff in this action was called before a notary public, and sworn, for the purpose of taking her deposition to sustain the issues on behalf of the plaintiff Smallpage, and was asked the following question: "When did you first know that John Mahanke had made and executed

to you deeds of his interest to the land left by Henry Mahanke, being the real estate described in the petition?" Thereupon the witness objected to answering such question, on the ground "that the witness is a defendant in the case; that the only issue in the case is the good faith of the conveyance made by John Mahanke to the witness, set out in the petition; and the matter sought to be elicited would render the witness liable to criminal prosecution;" and "objected to any further examination concerning issues in the case upon like 'grounds." The parties agreed in writing that plaintiff was seeking to prove the affirmative allegations relating to the issue, by interrogating Elizabeth Mahanke in regard to the circumstances under which the deeds were executed by John Mahanke to her, the consideration paid by her, etc.; and that a return should be made to the court for its determination as to whether this testimony would be competent under the issue, and whether the witness would be excused, under section 3647 of the Code, from answering such questions. A return was made by the notary of the deposition, objections and agreement. The district court overruled the objection made by the witness, and ordered that she "answer questions propounded to her relative to the said issues joined in said cause." This proceeding is designed to test the validity of that ruling and order.

The attorneys for petitioner have made no argument, but content themselves with suggesting a few points for the consideration of this court. The questions raised by the suggestions of counsel require an examination of the following sections of the Code: "Sec. 3647. But when the matter sought to be elicited would tend to render him criminally liable, or to expose him to public ignominy, he is not compelled to answer, except as provided in the next section. Sec. 3648. A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent, except the record thereof." "Sec. 4074. Any person who knowingly, being a party to any conveyance or assignment of any estate or interest in lands,

\* \* \* or being a party to any charge on such estates, \* \* \* made or created with intent to defraud prior or subsequent purchasers, or to hinder, delay or defraud creditors or other persons, and· every person who, being privy to or knowing of such fraudulent conveyance, assignment or charge, puts the same in use as having been made in good faith, shall be fined not exceeding one thousand dollars, and imprisoned in the county jail not exceeding one year."

I.   It is the duty of the court to determine whether a witness should answer a question propounded, but, if

1. WITNESS: self-criminating testimony: when excused from answering. reasonable grounds for believing that the answer would tend to render him criminally liable exist, it should not be required. But the witness cannot claim his privilege on this ground where prosecution for the offense of which he is guilty is barred by the statute. 1 Greenl. Ev., sec. 451; 2 Phil. Ev. 933, 934; 1 Whart. Ev., secs. 536, 538; 2 Tayl. Ev., sec. 1457; *Calhoun v. Thompson*, 56 Ala. 166.

In this case, the witness is a party defendant called to testify for the plaintiff. She had filed her answer, in which she had denied all allegations of fraud, and the law presumes, in the absence of proof, that there was no fraud in the transactions. The witness objected to answering, on the ground of her privilege, but it does not appear that she understands what answers would tend to render her criminally liable. The date of the execution and delivery of the deeds is not shown. It may be that prosecution for the crime, if any, involved in their execution and acceptance, is barred by the statute of limitations. Again, their execution and delivery may have involved a constructive fraud, sufficient to render them invalid as against creditors, but not of such a character as to render the grantee criminally liable. There is nothing in the record, as submitted to us, which overcomes the presumption that, so far as the witness is concerned, the transaction in question involved no criminal liability on her part. She should not be

permitted to defeat the ends of justice by claiming a privilege to which there is no reasonable grounds for believing her entitled.

II. In case the witness has been guilty of a crime, within the meaning of section 4074 of the Code, prosecution for which is now barred by the statute, would she be privileged from testifying as to her share in the transactions in controversy, on the ground that her answers would tend to expose her to public ignominy? "Ignominy" is defined to be "public disgrace, infamy, reproach, dishonor." Bouv. As used in our statute, it seems to have a wider meaning than the word "infamy," as formerly used to test the competency of witnesses; but, in our opinion, it was not intended to apply to all acts which might justify public censure or disapproval, but those of a more serious nature, which would tend to expose the perpetrator to public hatred or detestation or dishonor. For example, a woman cannot be compelled to testify to sexual intercourse with different men. *Brown v. Kingsley*, 38 Iowa, 221; *Lohman v. People*, 1 N. Y. 385. Treason, felony, and offenses founded in fraud, were considered infamous at common law, and persons guilty of any of them were incompetent to testify. 1 Greenl. Ev., sec. 373. Under our statute, no rule applicable to all cases is possible, but the privilege of the witness must depend largely upon the facts of the transaction which are sought to be shown. It is possible that the circumstances involved in the giving and taking of the deeds in controversy were of such a character as to entitle the witness to the privilege which she claims, but there is nothing in the record to indicate that such is the case. The order of the court of which the witness complains must be understood as requiring her to answer the particular question set out in the record, and such other questions as may be proper. We cannot say that the question shown was improper, nor that the witness should not be further interrogated as to the issues involved in the case. The

*(margin note: 2. ——: self-disgracing testimony: when excused from answering.)*

witness will be entitled to show reasonable grounds for believing that her answer to the question in controversy would tend to render her criminally liable, or expose her to public ignominy. With this modification the ord er of the district court is

AFFIRMED.