ANNA WELSUND v. ADOLPH SCHUELLER. [1]

July 13, 1906.

Nos. 14,750—(127).

**Action for Seduction.**

Except where there are confidential relations or peculiar circumstances, no right of action exists in this state by a woman for seduction against the offender.

**Complaint.**

The facts pleaded do not come within the exception, and the complaint does not state a cause of action.

Appeal by plaintiff from an order of the district court for Waseca county, Buckham, J., sustaining a demurrer to the complaint. Affirmed.

*John Moonan,* for appellant.

*P. McGovern,* for respondent.

LEWIS, J.

Action to recover damages for seduction based upon the following facts: Plaintiff was sixteen years of age, could not speak English, without relatives in this country except an uncle, dependent upon her own labor for support, uneducated and inexperienced. While employed as a servant in the family of defendant's father, she was seduced by defendant, who obtained her consent by assurances of love and caressing,

[1] Reported in 108 N. W. 483.

and by inducing her to believe she would lose her place of employment if she did not submit. The relation continued about two months, when the defendant absconded, and did not return to the state until five years after her child was born. Demurrer sustained by the trial court, upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

No right of action existed at common law in favor of a woman against her seducer. The right to recover damages for seduction is at common law limited to the father or any one standing in loco parentis. Although damages were not limited to the loss of services, yet the action was based upon the relation of master and servant. Some states, including our own, have modified the common law permitting the action to be maintained by the parent or guardian, even though the daughter or ward is not living with or in the service of the plaintiff, and although there is no loss of service. And in a few states the right of action is conferred upon the female seduced, notably Indiana, Iowa, and Oregon. Even in those states the courts have sharply drawn the distinction between real seduction and acquiescence, holding that no cause of action existed if it was shown to be a voluntary act. Consent must be procured by some trick or artifice other than mere solicitation. Brown v. Kingsley, 38 Iowa, 220. (The statute only applies where the defendant has been mainly instrumental in occasioning the wrong.) Breon v. Henkle, 14 Ore. 494, 13 Pac. 289. However, in the absence of any modification of the common law, the action will lie where the defendant fraudulently acquired possession of his victim by taking her into his family as a ward. Smith v. Richards, 29 Conn. 232.

The people of this state have seen fit to acquiesce in the common law, except as stated. It would be debatable whether the facts alleged in the complaint now before us are sufficient, even with the statutory modification above noted, and certainly they do not constitute such exceptional circumstances as to bring the case within Smith v. Richards. As the law is, no cause of action is stated, and whether it is wise to change it calls for no opinion on our part. That is a question concerning which there is a diversity of opinion and can only be determined by the legislative power.

Order affirmed.