No. 9236.

WEINLICH *v*. COFFEE.

SEDUCTION—*Married Woman*. A married woman, though living apart from her husband has no action for a seduction.

*Error to El Paso District Court, Hon. J. W. Sheafor, Judge.*

Messrs. ORR, ROBINETT & MASON, for plaintiff in error.

Mr. R. L. CHAMBERS, Mr. R. L. CHAMBERS, JR., for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action in tort for damages. The plaintiff recovered judgment, and defendant brings error. At the time of the commission of the alleged tortious acts upon which

the case is grounded, the plaintiff was a married woman, not divorced from her husband but living separate and apart from him. The complaint alleges, among other things, in substance, that on May 22, 1915, the defendant assaulted the plaintiff and had carnal knowledge of her forcibly and without her consent. It appears to be conceded that this much of the complaint, charging rape, states a cause of action in favor of the plaintiff, or that a married woman may maintain an action to recover damages for injury sustained by reason of forcible rape committed upon her.

The complaint contained certain other allegations, which the defendant moved to strike out. These averments were to the effect that subsequent to May 22, 1915 the plaintiff, on divers occasions, had sexual intercourse with the defendant, and that such acts were brought about and induced by the defendant on account of and by means of professions of attachment, promises, presents, and the exercise of undue influence. The motion to strike, as to such allegations, was denied.

Upon trial before a jury evidence was admitted, over the objection of defendant, in support of both sets of the allegations of the complaint as hereinabove described.

Numerous questions are presented by the record, but it is sufficient, upon this review, only to note and determine the propriety or correctness of the trial court's instruction No. 4, to the giving of which objection was duly made and upon which error is assigned. The first part of this instruction deals with the alleged rape of May 22, 1915, and the latter part concerns the subsequent acts of sexual intercourse. In this portion of the instruction the court instructed the jury that

"The burden of proof is also upon the plaintiff to establish by a preponderance or greater weight of the evidence that subsequent to the alleged assault she had sexual intercourse with the defendant, and that said acts of sexual intercourse were brought about and induced by the defendant on account of and by means of some influence,

promise, art or means on his part and obtained her consent to said acts by flattery, false promises, urgent importunity based on professions of attachment, or the like means; that relying solely on said promises or professions of flattery or importunity or artifice, she surrendered her person, and that she was then and had theretofore been a chaste and virtuous woman, and that she was damaged thereby."

This instruction permits the jury to consider apart from, and without any reference to, the alleged act of forcible rape claimed to have been committed by the defendant upon the plaintiff on May 22, 1915, the acts of sexual intercourse had between the parties subsequent to May 22, 1915. The jury is permitted, if it should find for the plaintiff, to award her damages for injuries sustained by reason of such acts of sexual intercourse and because of such acts in themselves. In other words, the plaintiff is allowed to recover damages for seduction. The acts described in the instruction, as above quoted, are nothing else than acts of seduction alleged to have been committed by the defendant. The instruction in describing the acts for which it permits the plaintiff to recover damages, practically gives the same definition of seduction as that found in 35 Cyc. 1294, where it is said:

"Seduction is the act of a man in enticing a woman to have unlawful intercourse with him by means of persuasion, solicitation, promise, bribes, or other means without the employment of force."

It is conceded that the plaintiff, at the time of the commission of the acts complained of, was a married woman. By reason of this fact the plaintiff has and can have no cause of action against the defendant for acts of seduction. The law is stated in 35 Cyc. 1294, 1297, as follows:

"At common law a seduced female has no cause of action against her seducer, not only because she is a party to the wrongful act, but also because loss of service is indispensable to a right of recovery, and no one except those entitled to the services of the female can maintain an action for

the seduction, the right of action being based solely upon the relation of master and servant. In many states, however, a right of action has been expressly given by statute to the female seduced. * * *

"The statutes require that the female must be unmarried at the time of her seduction, in order to maintain an action therefor."

The foregoing text in Cyc. is unquestionably correct. Numerous cases to the same effect are collected in the notes in 8 Ann. Cas. 1115, and Ann. Cas. 1912 B 1062. See also *Welsund v. Schueller*, 98 Minn. 475, 108 N. W. 483; *Oberlin v. Upson*, 84 Ohio St. 111, 95 N. E. 511, Ann. Cas. 1912 B 1061.

There is no statute in this state which gives a woman, who was married at the time of her seduction, a right of action against her seducer. The plaintiff was therefore not entitled to recover damages, in her own behalf, for the consequences of her seduction, and the instruction, permitting such recovery, was clearly erroneous.

For the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed.*

Chief Justice Hill and Mr. Justice Bailey concur.