The State of Iowa v. Carron.

THE STATE OF IOWA v. CARRON.

1. **Seduction:** CHASTITY. An unmarried female, who has become unchaste by sexual intercourse, may reform and gain a character for chastity, within the meaning of the statute defining the crime of seduction.

2. —— QUESTION FOR THE JURY. On the trial of an indictment for seduction, the question as to the previously chaste character of the prosecutrix is one of fact, to be determined by the jury.

*Appeal from Des·Moines District Court.*

FRIDAY, APRIL 14.

INDICTMENT FOR SEDUCTION. Defense, not guilty, and statute of limitations. Trial by jury; verdict of guilty, and sentence to five years imprisonment and costs. Defendant appeals. The further necessary facts are stated in the opinion.

*J. C.* and *B. J. Hall* for the appellant.

*C. C. Nourse*, Attorney-General, for the State.

COLE, J. — The evidence, which is before us, discloses the following facts in substance. The defendant was a school teacher, and boarded in the family of the father of the girl upon whom the offense is charged to have been committed. At the time defendant became a member of the family, which was in July, 1857, the girl was not quite eight years old — her eighth birthday occurring in the September following. She attended his school, and in a short time an intimacy existed between them, which soon resulted in unlawful commerce. Such intimacy and commerce continued for several years, the defendant still remaining in the family, and she his pupil, until the fall of 1862, when he left and was absent eight or nine months in the United States naval service, and then returned to the family.

During the intimacy from 1857 to 1862, she appeared, to her parents and others, to manifest much regard for defendant, and to be greatly under his control. He made her frequent presents during that time, and secured her submission to his wishes, at times, by threats to take the presents from her in case she refused. While the defendant was absent she conducted herself with the utmost propriety, and never had the attention of any other person than defendant. After his return, by promise of marriage, &c., he secured a renewal of the unlawful commerce, which produced pregnancy before the girl was fourteen. A short time before the birth of the child the defendant left, and did not return until forced to do so by legal process under this prosecution. This is, of course, a very condensed statement of the evidence.

The counsel for defendant, not controverting the fact of

*Margin note: 1. SEDUCTION: chastity.*

seduction, claims that the offense was complete at the time of the *first* sexual intercourse, and that a prosecution therefor is barred by the statute. And further, that any subsequent seduction of the same victim could not be within the statute, because she could not be "of previously chaste character." (Rev., § 4209, Code of 1851, § 2586.)

It is claimed, on the part of the State, that, although she may have had sexual intercourse with the defendant before he left for the naval service, yet if she had reformed and was chaste in fact at the time of the seduction after his return, such latter offense was within the statute.

The District Court adopted the latter view, and gave a series of instructions consistent therewith, the first of which was as follows: "If the jury believe, from all the evidence, that when defendant returned from Port Royal, the prosecutrix was a girl of chaste character, and that defendant, by virtue of an engagement of marriage, and through any influence and control he had unduly acquired over her, succeeded in overcoming her virtue and had illicit sexual intercourse with her, and got her with child, then he is guilty of seduction at that time, even though he had some years previous had similar connection with her."

The District Court refused instructions asked upon the basis of defendant's theory of the law, the fifth and sixth of which were as follows: "5th. If the jury find, from the evidence, that the defendant had carnal knowledge of the prosecuting witness on divers occasions prior to a time which is eighteen months distant (excluding the time defendant was absent from the State), from the date of the presentment of this indictment, then they should acquit the defendant, notwithstanding the defendant may have had sexual intercourse with her during the eighteen months."

"6th. It is not possible that a woman over ten years of age and of ordinary understanding, who submits in the

ordinary manner to the lascivious embraces of a man, can be of chaste character, within the meaning of this indictment."

Very many other instructions were asked by the defendant, embodying the same principle as the above, which were either refused absolutely or so modified as not to be inconsistent with the first instruction given, as above.

As an original question, and having in view the well accepted meaning of the word "chaste," the writer of this opinion would have little or no difficulty in accepting the theory of the defense as the true and correct one. Webster defines "chaste" as meaning, "1. Pure from all unlawful commerce of sexes, *applied to persons before marriage*, it signifies pure from all sexual commerce, undefiled; *applied to married persons* true to the marriage bed. 2. Free from obscenity. 3. In *language*, pure, genuine, uncorrupt," &c. Chaste, then, according to Webster, as applied to the prosecuting witness, means free from all sexual commerce.

Such, however, does not appear to be, under the authorities, the legal signification of the word chaste, as used in statutes defining the crime of seduction. In the case of *Andre* v. *The State*, 5 Iowa, 389, it was held by this court, that in order to establish the unchaste character of an unmarried female, it is not necessary to prove that she has been guilty of sexual intercourse; and that the term "chaste character," as used in our statute, was used as signifying what the person *really is*, in distinction from that which she may be *reported to be*. (*Carpenter* v. *The People*, 8 Barb., 603; *Boak* v. *The State*, 5 Iowa, 430.)

It is laid down by Mr. Bishop, in his most excellent Commentaries on Criminal Law, vol. 2, § 1019, that "the meaning of the term 'previous chaste character' is, that she shall possess actual personal virtue, in distinction from a good reputation. But though she has fallen, yet, if, at the time of the seduction, she is reformed, her case is within

the statute." The same view was taken in *Carpenter* v. *The People, supra*, also in *Commonwealth* v. *McCarty*, 4 Penn. Law Jour., 136; *Denslow* v. *Van Horn*, 16 Iowa, 476; *Smith* v. *Milburn*, 17 Id., 30.

In the report of the revisers of the Pennsylvania statutes, the revisers say: "to constitute the penal offense of seduction, under the act of April 11, 1843 (the words of which were 'any female of good repute'), there must be illicit connection, and the female must be drawn aside from the paths of virtue, which she was honestly pursuing at the time the defendant approached her; but a single error on the part of the female will not place her beyond the protection of the act, if she has repented her error and is walking in the path of virtue, and enjoying the esteem of her acquaintances when she is led astray." 2 Whart. Am. Cr. Law, § 2672, § 2673, and notes. The case of *Safford* v. *The People*, 1 Parker's Cr. Cases, 474, is not inconsistent with this view. In that case the evidence distinctly negatived the idea of reformation.

The question of previously chaste character by the prosecutrix, is one of fact, essential to be shown in order to make out the offense, and is one of the facts to be determined by the jury. Whether the woman has not such previously chaste character, although she has never had sexual intercourse with a man, or its counterpart— whether she has such previously chaste character although she has had such intercourse and reformed, are questions of fact, to be submitted to and decided by the jury.

<span style="float:left">2. —— question for the jury.</span>

In this case there was evidence submitted to the jury, without objection, tending to show the previous sexual intercourse by the prosecutrix with the defendant, and also evidence tending to show her reformation, and the court having properly instructed the jury as to the law of the case, with their finding, which is not *clearly* against the evidence, we must be content.

There is still another view of the case which might lead to an affirmance of the judgment below. We do no more than suggest it, since we are agreed in placing our judgment on the ground already stated. It is this. The prosecutrix was of such tender age up to the time the limitation would not bar, as to be incapable of consenting to a marriage (Rev., § 2516), and incapable of that unchaste mind and heart which would defeat the action. At all events she was chaste as to all the world except defendant.

Affirmed.