## THE STATE v. DUNN.

1. **Criminal Law**: SEDUCTION: EVIDENCE. Upon a trial for seduction it was held that evidence of improper conduct of the prosecutrix eight years before the trial, when she was only fourteen years of age, was incompetent to prove her character unchaste.

*Appeal from Page District Court.*

SATURDAY, APRIL 24.

DEFENDANT was indicted and convicted of the seduction of an unmarried woman of previous chaste character, and sentenced to confinement in the penitentiary for the term of one year. He prosecutes his appeal to this court. The facts of the case appear in the opinion.

*L. F. McCoun* and *Ed. Pace*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

BECK, J.—I.   The point mainly relied upon in the argument of defendant's counsel is that the testimony does not sufficiently support the verdict.   We think this objection is not well taken.

The defendant admits in his own testimony that he had connection with the woman, and that a marriage engagement had existed between them.   This and other testimony sufficiently corroborates the positive evidence of the woman that she was seduced by defendant, and her ruin was accomplished through the confidence she reposed in defendant by reason of his promise to marry her.

Evidence was introduced assailing the previous chaste character of the prosecutrix, and the State introduced testimony supporting it.   The jury, we think, were justified in finding that, up to her seduction by defendant, she had maintained a good character for chastity.

The parties were young, about the same age.   This we think accounts for the brief term for which defendant was sentenced to imprisonment.   It is no sufficient ground for disturbing the judgment.

II.   The defendant offered the testimony of a witness tending to show lewd conduct of the prosecutrix which occurred eight years before the trial, when she was a girl of fourteen.   The witness testified that he had "never seen any acts of hers that were lewd since she became a young lady."   The testimony was correctly excluded.   Improper conduct occurring at so remote a time, when the prosecutrix was a child, surely would not tend to establish an impure character at the time she was seduced.   If, as a child, she was indiscreet, immodest or impure, she may have reformed and become a woman of chaste character.   A woman who is unchaste may reform and gain a character for chastity within the meaning of the statute defining the crime of seduction.   *The State v. Carron,* 18 Iowa, 372.   Evidence, therefore, of impure acts of the prosecutrix while a child would not tend to overthrow her char-

1. CRIMINAL law: seduction: evidence.

acter for chastity acquired in womanhood. The court correctly excluded the testimony in question.

III. The defendant presented a proper application for a change of venue on the alleged ground of prejudice against him existing in the county wherein he was indicted. This application was supported by the affidavits of three citizens of the county showing that prejudice exists therein against persons charged with the crime of seduction generally, and that defendant is subject to such prejudice. Affidavits of other citizens were filed showing that no cause existed requiring a change of venue. The application was refused. It was addressed to the sound discretion of the court, and the judgment will not be reversed unless it appear that such discretion was abused. *The State v. Mewherter*, 46 Iowa, 88. No showing to that effect is made in the case.

No other objections are urged in argument by counsel, and we discover no ground for setting aside the judgment of the court below, upon a careful examination of the abstract upon which the case is submitted to us.

AFFIRMED.