| 81 | 151 |
|---|---|
| 109 | 438 |

| 81 | 151 |
|---|---|
| 130 | 616 |

| 81 | 151 |
|---|---|
| e170 | 0105 |
| 171 | 10644 |
| h171 | 10645 |

## THE STATE v. BRASSFIELD, *Appellant.*

1. **Evidence**: CORROBORATION AS TO IMMATERIAL FACTS. Testimony offered for no other purpose than to corroborate a witness as to an immaterial fact, is properly excluded.

2. **Seduction**: EVIDENCE OF PRIOR SPECIFIC ACTS. In a prosecution under Revised Statutes 1879, section 1259, for seducing, under promise of marriage, "any unmarried female of good repute, under twenty-one years of age," evidence of specific acts of lewdness with

others than defendant, prior to the alleged promise of marriage, is inadmissible. It is the reputation and the age of the female, and not her previous conduct, that bring her within the protection of the statute.

3.  ————: EVIDENCE OF SUBSEQUENT ACTS OF ILLICIT INTERCOURSE. Evidence of acts of illicit intercourse on the part of the female, subsequent to the alleged seduction, is inadmissible. Such acts, so far from furnishing any defense or mitigation of the seducer's act, aggravate the offense.

4.  ————: EVIDENCE OF ILLICIT INTERCOURSE WITH OTHERS THAN DEFENDANT. Evidence that the female alleged to have been seduced, had not had illicit intercourse with any other person than defendant, is irrelevant and immaterial, and is not a matter upon which evidence could be introduced to contradict her, and the paternity of the child is immaterial.

5.  ————: PRIOR INTERCOURSE WITH DEFENDANT. Evidence tending to prove that the prosecuting witness and the defendant had sexual intercourse with each other prior to the date of the alleged promise of marriage, is admissible as conducing to show that the seduction was not accomplished under that promise.

6.  ————: PROMISE OF MARRIAGE: CORROBORATION. The statute, (R. S. 1879, ? 1912,) only requires that the prosecuting witness be corroborated as to the promise of marriage. The jury may find the fact of seduction upon the uncorroborated testimony of the prosecuting witness, and corroboration as to the promise is satisfied by proof of circumstances which usually attend an engagement of marriage.

7.  ————: PROMISE, WHEN MADE. It is not necessary that the promise of marriage should either be made or formally renewed at the time of the seduction. It is only required to prove that defendant, under promise of marriage, whether made at the time or previously, accomplished the seduction, and that by reason of the engagement she consented to the illicit connection.

8.  ————: PRIOR ACTS: REFORMATION. Although the prosecuting witness had had illicit intercourse with the defendant prior to the promise of marriage, if she had reformed and was chaste at the time of the alleged seduction, such fact constitutes no defense, if the seduction was accomplished by reason of the promise of marriage.

9.  ————: PROSECUTION, WHEN BARRED. To sustain a conviction it is not necessary that the jury should find that the seduction was accomplished on the day alleged in the indictment, but it is sufficient if they find that it was accomplished at any time within three years next before the finding of the indictment, provided that at the time the seduction occurred there was a promise of marriage by defend-

ant subsisting, and the seduction was accomplished by reason of such promise.

10. **Constitutional Law**: TITLE OF BILL. The definition of crimes and the procedure against persons accused of committing them, may very properly be embraced in one bill. Chapter 24 of the Revised Statutes 1879, contains no incongruous matters, and its title of "Crimes and Criminal Procedure" clearly indicates what it contains. It is not obnoxious to the constitutional provision, (Const. 1875, art. 4, § 28,) that the subject of each bill shall be clearly expressed in its title, and that no bill shall contain more than one subject.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Sheetz, Broaddus & Wait* for appellant.

There can be no seduction, unless the promise of marriage was made at the time, or the existing promise then urged as the woman's protection. *Wilson v. State*, 58 Ga. 328; *Espy v. Jones*, 1 Ala. 454. There was no corroboration of the prosecuting witness. The court erred in excluding testimony offered to show that the prosecuting witness had had illicit intercourse with others than defendant before the promise of marriage. The chastity of the female was involved, and defendant had the right to show prior acts. *People v. Clark*, 33 Mich. 112; *Wood v. State*, 48 Ga. 182; *State v. Sutherland*, 30 Iowa 570; *People v. Jenners*, 5 Mich. 327; *Templeton v. People*, 37 Mich. 501; *People v. Schmietzer*, 23 Mich. 304; *McKern v. Calvert*, 59 Mo. 243; 2 Whar. Crim. Law, (7 Ed.) § 2672; Taylor's Ev., 327. The court erred in refusing to allow defendant to contradict the statement of the prosecuting witness that she had never had illicit intercourse with any one but defendant. *People v. McArdle*, 5 Parker 180; Taylor's Ev., 1164; *Rex v. Robin*, 2 M. & Rob. 512; *Verry v. Watkins*, 7 C. & P. 308; *Andrews v. Askey*, 8 C. & P. 7. The court erred in refusing to permit the prosecuting witness to answer whether she had

illicit intercourse with James Stockwell after the alleged seduction. *Muller v. St. Louis Hospital*, 73 Mo. 243. If the seduction was before the promise of marriage, the defendant was not guilty. R. S. 1879, § 1259. The prosecuting witness must be corroborated as to the seduction as well as to the promise. R. S., § 1912; *People v. Hines*, 8 N. Y. Legal Observer 139; *People v. Lormus*, 6 Abb. 139; *People v. Benson*, 6 Cal. 231; *Stardiford v. Gentry*, 32 Mo. 477; *Roper v. Clay*, 18 Mo. 833; *Seagh v. Davis*, 27 Mo. 603; *Bark v. Shin*, 4 Bibb 341. The court erred in instructing the jury that they might find the defendant guilty, if the seduction was accomplished any time within three years next before the finding of the indictment, if it was . done by reason of the promise of marriage. The law making seduction a crime, was not passed in accordance with constitutional requirements. It was not contained in the Session Acts of 1879, and any citizen has a right to assume that all laws of a general nature were contained therein. It was not promulgated as required by law. It is in violation of article 4, sections 33 and 34 of the constitution of Missouri. It violates section 28 of article 4 of the constitution of Missouri, in that it embraces under one title incongruous matters.

*D. H. McIntyre*, Attorney General, for the State.

The court properly refused to admit evidence of sexual intercourse with others than the defendant prior to the alleged promise of marriage and seduction. Under the statute only the reputation of the prosecuting witness could be inquired into. R. S., § 1259; *Bowers v. State*, 29 Ohio St. 542. And reputation cannot be proved by proof of specific acts, but only by showing the general estimate of the community. *Hoffman v. Kemerer*, 44 Pa. St. 452. In those jurisdictions where it has been held that proof of prior specific acts of sexual intercourse may be given, the statutes differ from section 1259 of the Revised Statutes of

Missouri. *Kenyon v. People*, 26 N. Y. 203; *People v. Clark*, 33 Mich. 112. Even if the prosecuting witness had been guilty of previous acts of sexual intercourse, if she had reformed and was again striving to live a correct life, she was within the protection of the statute. *State v. Timmens*, 4 Minn. 325 ; *State v. Carron*, 18 Iowa 372. It is well settled that proof of subsequent acts of lewdness cannot be given in evidence, even in a civil suit, to affect the measure of damages. *McKern v. Calvert*, 59 Mo. 243; *Morgan v. Ross*, 74 Mo. 318; *Boyce v. People*, 55 N. Y. 644. It was not necessary that the promise of marriage should either have been made, or formally renewed at the time of the seduction. It is sufficient that the act was accomplished by reason of a subsisting promise to the prosecuting witness by defendant. The prosecuting witness was sufficiently corroborated. It is only required that she be corroborated to the extent required of the principal witness in perjury, (R. S., § 1912); and this may be by circumstances alone. *State v. Wakefield*, 73 Mo. 549. Courtship and continued attention for a long time, are a sufficient corroboration. *State v. Curran*, 51 Iowa 112 ; *Armstrong v. People*, 70 N. Y. 38. The testimony of the prosecutrix is sufficient to establish the fact of seduction, and is competent, though not sufficient evidence, that defendant is her seducer. *State v. Curran, supra,* Evidence of opportunities more or less frequent and continued, and that the relations of the parties were such as indicated that confidence in and affection for the accused on the part of the female, which rendered it probable that the act may have been done by him, are sufficient corroboration as to the intercourse, persuasion and inducement. *Armstrong v. People, supra ; Zabriskie v. State*, 43 N. J. L. 648. Time was not of the essence of the offense, and proof of its commission at any time within three years next before the finding of the indictment, was sufficient to sustain a conviction. *State v. Curran*, 51 Iowa 124. Chapter 24 of Revised Statutes 1879, of which section 1259 is a part, is not objectionable because too many

subjects are embraced under one title, and is not in violation of article 4, section 28 of the constitution. The object of this section of the constitution was to prevent the conjoining in the same act of incongruous matters. It was not designed to be unnecessarily restrictive in its operation, nor to embarrass legislation by compelling a needless multiplication of bills. *St. Louis v. Tiefel*, 42 Mo. 578, *State v. Miller*, 45 Mo. 495; *State ex rel. v. Ransom*, 73 Mo. 78; *State ex rel. v. Laughlin*, 75 Mo. 358, and cases cited. It is sufficient that the title fairly give notice of the subject of the act, so as reasonably to lead to an inquiry into its body. *Allegheny Co. Home's Appeel*, 77 Pa. St. 77; *State Line, etc., Co.'s Appeal*, 77 Pa. St. 429; *Mauch Chunk v. McGee*, 81 Pa. St. 433.

HENRY, J.—At the May term, 1883, of the circuit court of Livingston county, the defendant was indicted for seducing and debauching, under promise of marriage, Mattie Clark, an unmarried female under twenty-one years of age. He was tried and convicted at the September term, 1883, of said court, and has duly prosecuted an appeal from that judgment.

The indictment charges the seduction to have occurred on the 20th day of June, 1882, and Mattie Clark testified that defendant's promise to marry her, was given in March or April, 1882, and that the first time she had illicit intercourse with defendant was about the last of June, 1882. Defendant testified that he never promised to marry Mattie Clark, and that he first had illicit intercourse with her in February, 1882, and the last time in May, 1882, on their return from church in the neighborhood of her father's residence, on the roadside, and that while they were there Adam Brassfield and James Stockwell passed by and saw them.

Stockwell was introduced as a witness, and testified that he saw defendant and Miss Clark have sexual intercourse at that time and place. He was then asked if he saw Adam Brassfield going by at that time. The court

sustained an objection to this question, and that ruling is complained of as reversible error. Brassfield was not introduced or offered as a witness to prove either that he saw the parties have sexual intercourse, or that he passed by at that time.

The testimony offered and excluded, could have been offered for no other purpose than to corroborate defendant's testimony to the immaterial fact that Brassfield passed them while they were at the place at which defendant testified the sexual intercourse was had. It certainly was not admissible, as evidence, that Brassfield saw them in the act. It was not error to exclude it. We cannot see how it could have been of any service to defendant if it had been admitted.

Defendant also proposed and offered other witnesses to prove that on the 27th of August, 1882, at the residence of Volney Rolla, in Livingston county, the prosecuting witness, Miss Clark, had carnal connection with James Stockwell. The court sustained an objection to this testimony, as also to offers by defendant to prove that before the alleged promise of defendant to marry Miss Clark, she had had illicit intercourse with other persons.

In a prosecution under section 1259 Revised Statutes, evidence of specific acts of that character is inadmissible. It provides that: "If any person shall, under promise of marriage, seduce and debauch any unmarried female of good repute, under twenty-one years of age, he shall be deemed guilty of a felony," etc. In *Bowers v. State*, 29 Ohio St. 542, under a statute similar to ours, only differing from it in the addition of the words "for chastity" after the words "good repute," it was held that it was not competent to show specific acts of lewdness on the part of the woman, the court observing: "It is the reputation and age of the female and not her previous conduct that bring her within the protection of the statute." Counsel for defendant cite adjudged cases in Michigan, Iowa, Georgia, and New York in support of their position, but there is a

material difference between our statutes and those statutes under which such evidence has been held admissible in other states. In *People v. Clark*, 33 Mich. 118, the court held that evidence was admissible to show that previous to the alleged intercourse with defendant, the woman had connection with another man; but the decision is based upon their statute, which provides that " if any man shall debauch and seduce any unmarried woman," etc. In the *State v. Sutherland*, 30 Iowa, 570, like evidence was held admissible, but the reason for its admission appears from the following observation in the opinion of the court: " The chaste character of the witness was distinctly in issue, for by the terms of the statute she must have possessed that character in order to render the act of the defendant punishable under its provisions." .

The statute of that state provided that " if any person seduce and debauch any unmarried woman of previously chaste character, he shall be punished," etc.

In *Andre v. State*, 5 Iowa, 389, it was held that the term " chaste character," as used in that statute, " was used as signifying what the person really is in distinction from that which she may be reputed to be." This was reiterated in the *State v. Carron*, 18 Iowa, 375; and Bishop in his work on criminal law, vol. 2, sec. 1019 says that: " The meaning of the term ' previous chaste character,' is that she shall possess personal virtue in distinction from a good reputation." The statutes of New York, under which the decision in the case of the *People v. McArdle*, 5 Parker Cr. R. 180, was decided, is similar to that of Iowa. The testimony which defendant offered to introduce to prove that James Stockwell and Miss Clark had illicit intercourse in August was inadmissible; the cases cited, holding that after a promise of marriage, acts of prostitution on the part of the woman, may be shown in an action for a a breach of that promise, have no relevancy to this question, and furnish no analogy upon which even a plausible argument can be predicated. Such acts of prostitution fur-

nish sufficient ground in law for a refusal on the part of the man to comply with his contract, but the act of prostitution committed by a woman, after her seduction, so far from furnishing any defense or mitigation to the seducer's act, aggravate the offense. The evidence it is contended, was admissible in order to contradict witnesses, who testified that she had never had carnal connection with any other man, and that defendant was the father of the child born to her May 16, 1883. In our view of the law the statement that she had not had illicit intercourse with any other person than defendant was irrelevant and immaterial and therefore not a matter upon which evidence was admissible to contradict her. The paternity of the child is also wholly immaterial. If after the seduction of the prosecuting witness both defendant and Stockwell, and others, had carnal connection with her, it is a matter of no consequence to whom the paternity of the child is rightly imputed.

Evidence tending to prove that the defendant and the prosecuting witness had sexual intercourse with each other prior to the date of the alleged promise of defendant to marry her, is admissible as conducing to show that the seduction was not accomplished under that promise.

It is insisted by defendant's counsel, that in order to a conviction, the prosecuting witness must be corroborated, not only with respect to the promise of marriage, but also as to the seduction. The statute, section 1912, Revised Statutes, only requires corroboration as to the promise. The jury may find the fact of seduction on the uncorroborated testimony of the woman, and the requirement of the statute, that she shall be corroborated as to the promise is satisfied "by proof of circumstances which usually attend an engagement of marriage." *Armstrong v. People*, 70 N. Y. 38. Evidence of that character was adduced consisting of defendant's regular attentions to the prosecuting witness, extending through several months, both prior and subsequent to the alleged engagement, and it was for the

jury to determine the weight of those circumstances as corroborative of the testimony of the prosecuting witness on that point. Counsel also contend that in order to establish the guilt of defendant, the promise of marriage must be made at the time of the seduction, and their instruction No. 10, asked and refused, contained that proposition. There is plausibility in their argument and some authority in its support, but we hold that he may be convicted, although there is no evidence to prove that he formally renewed or repeated his promise to marry the prosecuting witness at that time. All that is necessary, is to show that, under promise of marriage, whether made then or previously, he accomplished the seduction; that by reason of the engagement, he obtained her consent to the illicit connection. If the law were otherwise the seducer would only have to avoid renewing or referring to his promise directly, and yet avail himself of the confidence of his victim, secured by the engagement, to effect his purpose. If the evidence prove that she yielded to his importunities in consequence of his promise, whether made then or previously, the case is made out. It is, of course, not sufficient merely to prove the promise. There was evidence tending to prove that defendant availed himself of the engagement between himself and Miss Clark at the time to accomplish her seduction. She testified that as they were returning from Webster's to her home about nine o'clock at night, he solicited her; that she refused; that he then said to her if she loved him as she should, she would consent; he then hugged and kissed her, and she finally consented. There was no promise of marriage; no express allusion to a previous promise; but that his remarks "if you love me as you should," had reference to their engagement, and that both parties had that promise in their minds is fairly inferable from the testimony, and to hold that more than this is required, and that at the time the seduction occurs there must be a renewal of the promise to marry, would but give

the cue by which the seducer could evade the provisions of the statute, and perpetrate the crime with impunity.

Defendant asked the court to instruct the jury that if he and Mattie Clark had illicit intercourse in the month of February, 1882, they should acquit him. In the *State v. Timmons,* 4 Minn. 325, and *State v. Carron,* 18 Iowa 372, it was held that the jury might convict, although the prosecuting witness had prior illicit intercourse with defendant, if she had reformed and was chaste at the time of her alleged seduction. It might happen that in an unguarded moment a female would yield to the importunity of a seducer, and afterward reform and again yield to him only on a promise of marriage. The latter case would clearly come within the statute, and it would be no defense to the seducer that he had once before had illicit intercourse with the woman. The court did not err in the refusal of the instruction.

Complaint is made of an instruction given by the court to the effect that it was unnecessary for the jury to find that the seduction was accomplished on the 20th day of June, 1882, as alleged in the indictment, but that it would suffice if they should find that the offense charged was committed at any time within three years next before the indictment was found, 1st of June, 1883; provided, that when the seduction occurred there was a promise of marriage by defendant subsisting, and the seduction was accomplished under that promise. We see no objection to that instruction. It could not possibly have misled the jury. It did not nor could twelve men fit to serve as jurors, have construed it to authorize a verdict against defendant for a seduction, which occurred when there was no marriage agreement between the parties, or a seduction not accomplished by means of such engagement, nor does it assume that the prosecuting witness was seduced.

Other instructions given for the State accord with our views of the law herein expressed. The refusal of others asked by defendant was in accord with what is herein de-

clared, and with other adjudications of this court, and we do not deem it necessary to comment upon them more particularly.

Defendant's counsel also insist that the law, making seduction a felony, was not passed by the legislature in accordance with the constitutional requirements. Two bills were introduced into the senate, one to revise and amend title 45    *    *    crimes and their punishment, and the other to revise and amend title 46,    *    *    proceedings in criminal cases. The two bills were consolidated in a substitute which contained new matter, consisting of new sections and amendments of old ones. After the original bill was referred to the committee of seven on revision, it was referred back to the house in which it originated, went to engrossment, took the usual course, and was passed by both houses. Chapter 24 of the Revised Statutes, commencing with section 1227 and ending with section 2119, inclusive, was passed as one bill, and embraces the entire subject of crime and criminal procedure, and there is nothing in the point that the constitutional provision that the subject of each bill shall be clearly expressed in its title, and that no bill shall contain but one subject, was violated. Art. 4, § 28, Const. There are no incongruous matter in chapter 26, and the title of " Crimes and Criminal Procedure " clearly indicates what it contains. What are crimes and the procedure in criminal cases, are cognate subjects, and the definition of crimes and the procedure against persons accused of committing them, may very properly be embraced in one bill. This chapter was not published in the session acts, nor were any new acts not passed with the emergency clause. The revised statutes did not take effect until November 1st, 1879, but were published in the present form long before the alleged seduction of the prosecuting witness by the defendant; and they took effect about two years and eight months before that crime is alleged to have been committed. We have given this case the careful consideration its importance demands. It is a new law in this

State, deemed by many a severe one, and thought by some to place innocent men at the mercy of designing, crafty women, but these are matters for the consideration of the general assembly.

We may be pardoned the suggestion, however, that innocent men are not in near so much danger from the craftiness and cunning of artful women, as innocent women were from the unbridled passions of cunning, crafty men.

All concurring, the judgment is affirmed.