# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

### THE PEOPLE *v.* MONTIJO.

### APPEAL from the District Court of Arecibo.

#### No. 18.—Decided January 23, 1905.

SEDUCTION—EVIDENCE—IMPROPER CONDUCT OF PROSECUTRIX.—The subsequent improper or indiscreet conduct of the prosecutrix is inadmissible in evidence upon a charge of seduction, although such facts might be considered by the court in fixing the punishment.

ID.—In a prosecution for seduction, evidence tending to establish the fact that the accused refused to marry the prosecutrix after the commission of the act, is irrelevant.

ID.—Evidence of misunderstandings, arising after the consummation of the act, and the consequent refusal of the accused to carry out his promise of marriage, is inadmissable and constitutes no defense to a charge of seduction.

ID.—APPEAL—ERRORS NOT PREJUDICIAL.—A judgment will not be reversed on appeal upon an erroneous incidental ruling of the trial court, unless a defendant is prejudiced thereby.

ID.—INSTRUCTIONS OF THE COURT—SECTIONS 260 AND 261 OF THE PENAL CODE.— Sections 260 and 261 of the Penal Code define and punish two distinct crimes, and it is not error for the court to refuse to instruct the jury with respect to section 260 in the prosecution of the crime defined in section 261.

ID.—Judges, in instructing the jury, must strictly confine themselves to the law applicable to the case.

ARGUMENT OF COUNSEL—READING OF STATUTES.—The refusal of the court to allow counsel to read sections of the Code to the jury which are irrelevant and have no reference to the case, is not reversible error.

ID.—EVIDENCE.—Documents presented and admitted by the court as evidence may be read by the jury during the argument by either party.

VERDICT—RECOMMENDATION OF CLEMENCY.—It is no part of the jury's duty to make a recommendation of clemency, and if so made, the same may be disregarded by the court.

APPEAL—OBJECTIONS—BILL OF EXCEPTIONS.—Objections made or exceptions taken during the course of a trial must be set forth in the bill of exceptions and submitted to the consideration and approval of the court.

The facts are stated in the opinion.

*Dec. Vol. 8.—1.*

*Mr. Córdova Dávila,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

The defendant in this case was indicted in the District Court of Arecibo for the seduction under promise of marriage of Teresa González, to which he pleaded not guilty, and, upon the trial of the case before a jury, was adjudged guilty and sentenced to the punishment of three years and six months in the penitentiary and a fine of $500. From this judgment he took an appeal to this court, merely filing the stenographer's notes of the case and nothing more. Not even a copy of the indictment, nor a bill of exceptions, nor an assignment of errors, appears in the record.

The record was referred to the *fiscal,* who on the 27th of December last made a report, reviewing the case and presenting an argument for affirmance of the judgment.

The case was set down for trial on the 11th of the present month, and on that date counsel for the defendant appeared in court and presented a brief, dated the 5th of January, and made an oral argument in support of the same. There are four points presented on behalf of the appellant which are sustained by exceptions noted on the trial of the case by the stenographer, as appears from the record, to which reference is made. These will be examined in their order.

First. It is objected that the trial judge overruled a question propounded to a witness for the defense by counsel for the accused. The question and the ruling appear on page 9 of the record. The question was as follows: "On what account were the disagreements between these two, and why did he retire from the house?" At first sight it might seem that this question was admissible, but nothing appears in the record as to the reason why it was propounded, nor what it was intended to elicit, nor what relation it had to the defense of

the cause of the accused, nor does there appear from the record the reason which prompted the trial judge to overrule and exclude the same. The events about which the witness was being examined and the disagreement between the man and woman concerned had taken place long after the offense had been accomplished, and it would seem after the birth of the child, which was the result of the relation between the parties. It would appear as the most reasonable motive on the part of the accused in eliciting an answer to the question propounded that some fault was to be attributed to the woman seduced or that on account of some improper or indiscreet conduct on her part, the accused had refused to carry out his promise of marriage and had left the house. But it has been decided that it is no defense to such an accusation of seduction that after the criminal act the defendant refused to perform his promise because of the woman's subsequent improper or indiscreet conduct, although such facts might be considered by the court in fixing the punishment (*State* v. *Bierce*, 27 Conn. 319); and besides that, evidence on the part of the People that the defendant after the seduction refused to marry the prosecutrix is immaterial. (*Cook* v. *People*, 2 Th. C. 404.) Reference may also be had generally, in regard to this case, to the case of the *State* v. *Carron*, 18 Iowa, 372, and the same case reported in 87 American Decisions, 405, with an extensive note appended to the same.

From these authorities it appears that misunderstandings arising after the consummation of the crime and the consequent refusal of the accused to carry out his promise of marriage, constitute no defense to the accusation of seduction, and for this reason the ruling of the court in excluding the question propounded by the counsel for the defendant was correct.

On further examination it will appear that the same witness, Juan Torres, on cross-examination by the *fiscal,* on the same subject, testified that he knew that there were misunderstandings between the accused and his sweetheart, Teresa

González, and that the accused quit going to the house. But he did not know why he ceased his visits, that he was not present at any of these misunderstandings, and that he only knew of them because he, the witness, frequently visited the house, and that he knew that they had misunderstandings because he saw that the accused did not go there any longer, and that this was the only proof he had of such misunderstandings. If these statements of the witness were true, and it must be presumed that they were, the accused was not prejudiced by the ruling of the court, because in answer to the question propounded, the witness could not have testified truthfully to anything which would have benefited the defendant; and it is a well established principle of law that even where an incidental ruling of the trial court is erroneous, it is no cause for a reversal of the judgment, unless the defendant is prejudiced thereby.

All the evidence, including that of the defendant himself, goes to show that there is no doubt about the crime having been committed; both of the interested parties testified to the intimate relations existing between them; that they were engaged to be married, and had repeated acts of carnal intercourse, and that a child was born to them, which the defendant acknowledges to be his son, and that their engagement to be married had the approbation of the mother and brother of the woman, her father being dead. It also appears from the evidence that these relations continued between the parties for five years, and that the wedding was postponed from time to time, because of the poverty of the accused, and because after he had been appointed to a position on the police force his duties called him to other places distant from the residence of the injured female.

Such being the state of facts, the testimony of Torres in regard to the misunderstandings existing between the parties and the reasons the accused may have had for discontinuing

his visits to the house, even if it had been as full and explicit as counsel could have wished, would have been immaterial.

The second objection made by the defense to the judgment of the court below is based upon the alleged fact that while the trial judge permitted the *fiscal* to read to the jury certain articles of the Penal Code, he refused to the defendant's counsel the right to read and comment upon article 260 and article 261 taken together, as appears from the stenographer's notes of the trial, on page 10 of the record. This objection may be taken in connection with the fourth, which is that the trial court refused to read to the jury, in his charge, article 260 of the Penal Code. The judge answers both of these objections. in the remarks which he made on refusing the charge requested. He stated that article 260 had no reference to the case, and that the crime of seduction might be committed with a woman of any age whatever, provided the other requisites of article 261 concurred, and that it was perfectly well known that the limitations of age on the part of the woman in the crime of seduction had absolutely no importance. An examination of the two articles of the Penal Code, Nos. 260 and 261, will show that they refer to entirely different crimes; one to the enticing of an unmarried female, under the age of twenty-one years, into a house of ill fame or of assignation for the purpose of prostitution, and the other to the seduction of an unmarried woman of previous chaste character, without reference to her age. Permitting counsel to read article 260 to the jury, or for the judge to read the same article to the jury, or refer to it in his charge, would have no other effect than to confuse their minds and to bring before them irrelevant matter. It was the duty of the court to direct their attention exclusively to the law governing the case, and in so doing he rightly excluded all reference to article 260 of the Penal Code from their consideration.

So the second and fourth objections made by the counsel

for the accused have no legal basis on which to found a judgment of reversal.

There remains the third objection presented by the counsel for the accused, that the court permitted the *fiscal* in his closing argument to read a paragraph from one of the defendant's letters which was presented and admitted in evidence on the trial of the accused, to the jury, as a part of his discussion. The letter does not appear in the record, and indeed all documentary evidence is omitted from it, but it does appear that the letter referred to had been admitted as evidence in the case, apparently without objection, and such being the fact it was perfectly proper that either the *fiscal* or the counsel for the defense in making their arguments should read it or any part of it to the jury. This view seems so evident and just to counsel for the accused that he omitted it from his brief, and no further reference to the same is necessary.

On the trial of the case in this court counsel for accused presented a certificate from the secretary of the district court purporting to show a copy of the verdict of the jury, which is the same as that contained in the record on page 12 thereof, with the exception that after the names of the jurors appear the words "Arecibo, October 29, 1904, the jury requests clemency for the accused."

This document properly forms no part of the record in this case, though it was permitted by the court provisionally to be added to the *expediente*. But even if it were properly incorporated in the record, it only shows a request on the part of the jury for clemency, which the court may be presumed to have heeded in reducing the punishment from the maximum of five years in the penitentiary to three and a half years, and from the maximum fine of five thousand dollars to five hundred dollars. There is then nothing to show that the court disregarded the request of the jury for clemency, although he would have had a right so to do had he seen proper. It is no part of the jury's duty to make a recommendation

as to clemency, it being their duty only to find the defendant guilty or not guilty; it being the duty of the court to fix the punishment. Sections 283, 320 and 321 of the Code of Criminal Procedure regulate such matters.

Taking the whole record into consideration and reviewing carefully every objection presented, regardless of the fact that no bill of exceptions was properly formulated and made a part of the record, as should have been done, there is nothing to show that the court committed any error whatever in the trial of the case, or in rendering judgment thereupon, and for this reason the judgment of the District Court of Arecibo, rendered on the 4th day of November, 1904, condemning the accused to three years and six months at hard labor in the penitentiary and to pay a fine of five hundred dollars should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and Wolf concurred.