# COLECCIÓN DE LAS
# SENTENCIAS Y RESOLUCIONES

### DICTADAS POR EL

# TRIBUNAL SUPREMO DE PUERTO RICO.

## EL PUEBLO v. MONTIJO.

## Apelación procedente de la Corte de Distrito de Arecibo.

### No. 18.   Resuelto en Enero 23, 1905.

SEDUCCIÓN.—PRUEBAS.—NEGATIVA DEL ACUSADO Á CUMPLIR SU PROMESA DE MA-
TRIMONIO.—CONDUCTA IMPROPIA DE LA MUJER.   La circunstancia de que el
acusado, en una causa por seducción, se negare á cumplir la promesa de ma-
trimonio que hubiere hecho á la mujer seducida, por haber observado ésta una
conducta impropia ó indiscreta con posterioridad á la comisión del delito, no
constituye defensa alguna en tal causa, si bien puede ser· apreciada por la
Corte al condenar al acusado.

ID.—En una causa por seducción, la prueba de cargo que tienda á establecer el
hecho de que el acusado se negó á casarse con la denunciante después de la
comisión del delito, es impertinente.

ID.—No comete error el Tribunal que se negare á admitir cualquier clase de prue-
bas que tienda á demostrar que con posterioridad á la comisión del delito de
seducción, surgieron disgustos entre el acusado y la denunciante que motiva-
ron la negativa del primero á contraer matrimonio con la segunda, pues tal
extremo no constituye defensa alguna.

ID.—APELACIÓN.—RESOLUCIONES QUE NO PERJUDIQUEN LOS DERECHOS DEL ACUSADO.
Es un principio de derecho bien establecido que aquellas resoluciones de ca-
rácter incidental, que erróneamente hubiere dictado la ·Corte inferior durante
el juicio de una causa, y que no hubieren perjudicado derechos del acusado,
no pueden servir de base para revocar la sentencia apelada.

ID.—INSTRUCCIONES DE LA CORTE.—ARTÍCULOS 260 Y 261 DEL CÓDIGO PENAL.—
Los artículos 260 y 261 del Código Penal preveen y castigan delitos comple-
tamente distintos, y no comete error el Tribunal que se niega á dar instruc-
ción alguna al jurado, con respecto al art. 260, en el juicio de una causa se-
guida por el delito comprendido en el art. 261.

ID.—En sus instrucciones al jurado, los Jueces deben limitarse á exponerle la ley
aplicable al caso, y denegar toda instrucción que se refiera á disposiciones le-
gales que no sean de aplicación al mismo.

ID.—PRUEBAS.—Los documentos presentados y admitidos como pruebas, por la
Corte, pueden ser leidos al jurado por el· Fiscal ó por el abogado del acusado,
durante su informe oral.

VEREDICTO.—RECOMENDACIÓN DE CLEMENCIA.   El jurado no está obligado á hacer
en su veredicto, recomendación alguna de clemencia en favor del acusado, y
si la hiciere, la Corte puede hacer caso omiso de la misma, si así lo estimare
procedente, siendo su único deber determinar el castigo que haya de imponer
al acusado.

APELACIÓN.—OBJECIONES.—PLIEGO DE EXCEPCIONES.—Las objeciones formula-
   das, ó excepciones tomadas, durante el juicio de una causa, deben consig-
   narse después en un pliego de excepciones para someterlas en esa forma
   á la consideración del Tribunal de Apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Córdova Dávila.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MAC LEARY, emitió la siguiente opinión del Tribunal.

El reo en esta causa fué acusado ante el Tribunal de Distrito de Arecibo, de la seducción, bajo promesa de matrimonio, de Teresa González, cuya acusación negó; y en el juicio por jurado, de dicha causa, fué declarado culpable y sentenciado á la pena de tres años y seis meses de presidio, y multa de quinientos dollars. Contra esta sentencia ha interpuesto apelación ante este Tribunal, presentando simplemente los apuntes que de dicha causa ha hecho el taquígrafo, y nada más. No aparece en los autos ni siquiera una copia de la acusación, ni un pliego de excepciones, ni un escrito, señalando errores en el procedimiento.

Los autos fueron remitidos al Fiscal, que en 27 de Diciembre último, presentó un informe por escrito, en que hizo una reseña de la causa, y alegó las razones por qué debía confirmarse la sentencia.

Se señaló el día 11 del presente mes para la vista de la causa, y en dicha fecha, el Letrado defensor del acusado compareció ante el Tribunal, y presentó un alegato fechado en 5 de Enero, y pronunció un informe oral en apoyo del mismo. Se han presentado, á favor del apelante, cuatro puntos sostenidos por excepciones que fueron apuntados por el taquígrafo durante la celebración del juicio de la causa, según consta de los autos de referencia. Estos puntos serán examinados por su orden.

*Primero.* Se hace la objeción de que el Juez sentenciador desechó una pregunta que por el abogado del acusado fué dirigida á un testigo de descargo. La pregunta,

y la resolución del Juez desechándola, constan en la página 9 de los autos. La pregunta era como sigue: "¿Con qué motivo hubo los disgustos entre los dos, y por qué se retiró él de la casa?" A primera vista podría parecer que esta pregunta era admisible; pero no consta nada en los autos respecto al motivo por que fué formulada, ni qué era lo que se intentó descubrir por medio de la misma, ni qué relación tenía con la defensa de la causa del acusado; ni consta de los autos el motivo que impulsó al Juez sentenciador á desechar y excluir dicha pregunta. Los acontecimientos respecto á los cuales se examinó al testigo y el disgusto entre el hombre y la mujer de que se trata, habían tenido lugar mucho tiempo después de haberse cometido el delito, y aún parece que tuvieron lugar después del nacimiento del niño que fué el resultado de las relaciones entre las partes en cuestión. Parece que el móvil más razonable por parte del acusado para procurar una contestación á la pregunta propuesta, fué el que alguna falta era de atribuirse á la mujer seducida, ó que con motivo de una conducta impropia ó indiscreta por parte de ella, el acusado se había negado á llevar á cabo su promesa de matrimonio y había dejado la casa. Pero se ha decidido que no constituye defensa contra tal acusación de seducción, el que después del acto criminal, el acusado se negó á cumplir su promesa á causa de la subsiguiente conducta impropia ó indiscreta de la mujer, aunque tales hechos puedan tomarse en consideración por el Tribunal, al fijar la pena: State v. Bierce 27 Conn. 319; y, además, que la prueba por parte del Pueblo, que el acusado después de la seducción se negó á casarse con la demandante no tiene importancia. Cook v. People 2 Th. C. 404. Con respecto á este caso, se puede hacer referencia también, en general, á la causa del Estado contra Carrón, 18 Iowa 372, y á la misma causa relatada en 87 American Decisions 405, con una extensa nota anexa á la misma.

De estas autoridades resulta que las desavenencias que

se susciten después de la consumación del delito, y la consiguiente negativa del acusado á cumplir su promesa de matrimonio, no constituyen defensa contra la acusación de seducción, y por esta razón la resolución del Tribunal excluyendo la pregunta propuesta por el abogado del acusado, era correcta.

Continuando el examen, resulta que el mismo testigo, Juan Torres, á repreguntas del Fiscal sobre el mismo asunto, declaró que sabía que hubo disgustos entre el acusado y su amante, Teresa González, y que el acusado dejó de ir á la casa de ella. Pero no sabía por qué el acusado suspendió sus visitas, y declaró que él no había presenciado ninguno de dichos disgustos, y que sólo tenía conocimiento de ellos porque visitaba frecuentemente la casa, y que sabía que tuvieron disgustos porque vió que el acusado ya no iba á la casa, y que esto era la única prueba que tenía de dichos disgustos. Si estas declaraciones del testigo eran ciertas, y es de presumirse que lo eran, el acusado no fué perjudicado por la resolución del Tribunal, porque en contestación á la pregunta que se le dirijió, el testigo no hubiera podido declarar, conforme á la verdad, nada que hubiera sido en beneficio del acusado; y es un principio de ley bien establecido, que aún en los casos en que una resolución incidental del Tribunal sentenciador es errónea, tal resolución no es un motivo para la revocación de la sentencia, á menos que el acusado sea perjudicado por la misma.

Todas las pruebas, incluso las del mismo acusado, tienden á demostrar que no hay duda de que se ha cometido el delito; ambas partes interesadas declararon que existían íntimas relaciones entre ellos; que estaban comprometidos para casarse, y que repetidas veces habían realizado actos carnales; que habían tenido un hijo que el acusado reconoce como suyo, y que su compromiso para casarse, tenía la aprobación de la madre y del hermano de la mujer, cuyo padre ha fallecido. También resulta de las

pruebas, que estas relaciones continuaron entre las partes durante cinco años, y que se aplazó la boda de tiempo en tiempo, con motivo de la pobreza del acusado, y porque después de haber sido nombrado para un puesto en la Policía, sus deberes lo llamaron á otros lugares lejos del de la residencia de la mujer ofendida.

Siendo éste el estado de los hechos, la declaración de Torres con respecto á los disgustos que existían entre las partes, y las razones que haya tenido el acusado para suspender sus visitas á la casa, aún en el caso de que hubiese sido tan completa y explícita como lo hubiese podido desear el abogado defensor del acusado, no hubiera tenido importancia.

La *segunda* objeción presentada por la defensa, contra la sentencia del Tribunal inferior, está basada en el hecho alegado por la misma, de que, en tanto que el Juez sentenciador permitió al Fiscal, leer al Jurado ciertos artículos del Código Penal, negó al abogado del acusado el derecho de leer el artículo 260 y el 261, considerándolos juntamente y comentando sobre ellos, según consta de los apuntes hechos por el taquígrafo durante la celebración del juicio, cuyos apuntes se hallan consignados en la página 10 de los autos. Esta objeción puede considerarse en unión con la *cuarta*, que es, que el Tribunal sentenciador se negó á leer al Jurado, en las instrucciones que le dió, el artículo 260 del Código Penal. El Juez contesta á estas dos objeciones en las observaciones que hizo al negarse á instruir al Jurado en la forma en que se le suplicó. El dijo que el artículo 260 no tenía referencia á este caso, y que el delito de seducción podía cometerse con una mujer de cualquiera edad, con tal que concurriesen en él los demás requisitos del artículo 261 ; y que era cosa bien sabida que las limitaciones de la edad de la mujer, en el delito de seducción, carecían en absoluto de importancia. Un exámen de los dos artículos del Código Penal, Nos. 260 y 261, demostrará que se refieren á delitos enteramen-

te distintos; el uno se refiere á la inducción de una mujer soltera, menor de 21 años, á entrar en una casa de mala fama ó de cita, para fines de prostitución; y el otro, á la seducción de una mujer soltera que antes había tenido la reputación de ser casta, sin referencia á su edad. El permitir al abogado defensor, leer al Jurado el artículo 260, ó el que el Juez lea el mismo artículo al Jurado, ó haga referencia á él en sus instrucciones á dicho Jurado, no tendría otro efecto que el de confundir su ánimo, y de presentarle cosas que no son del caso. Era el deber del Tribunal, dirijir la atención de dicho Jurado exclusivamente sobre la ley aplicable al caso, y al hacer esto, excluyó correctamente de su consideración, toda referencia al artículo 260 del Código Penal.

Así es que las objeciones 2a. y 4a. presentadas por el abogado del acusado, no tienen una base legal en que fundar una sentencia revocatoria.

Queda la tercera objeción hecha por el abogado defensor de que el Tribunal permitió al Fiscal, en su informe final, leer al Jurado, como parte de su discusión, un párrafo de una de las cartas del acusado, que había sido presentada y admitida como prueba en el juicio. La carta no aparece en los autos; y, en efecto, todas las pruebas documentales han sido omitidas en los mismos; pero sí consta que la referida carta había sido admitida como prueba en la causa, y, según parece, sin ninguna objeción; y, siendo así, era perfectamente lícito que, ó el Fiscal ó el abogado defensor, al pronunciar sus informes, leyesen al Jurado la citada carta ó cualquiera parte de la misma. Este concepto le parece al abogado del acusado tan claro y justo, que lo omitió en su alegato, y no hay necesidad de hacer más referencia al mismo.

En la vista de la causa ante este Tribunal, el abogado del acusado presentó un certificado, expedido por el Secretario del Tribunal de Distrito, con el objeto de mostrar una copia del veredicto del Jurado, que es el mismo que

se halla consignado en la página 12 de los autos, con la excepción de que después de los nombres de los jurados, aparecen las palabras: "Arecibo, Octubre 29 de 1904; el Jurado solicita clemencia para el acusado."

Este documento propiamente no forma parte de los autos, en esta causa, aunque el Tribunal permitió que fuese unido provisionalmente al expediente. Pero aún en el caso de que hubiese sido debidamente incorporado en dichos autos, solamente demuestra una súplica de clemencia por parte del Jurado, que puede presumirse fué atendida por el Tribunal, al reducir la pena del máximum de cinco años de presidio, á tres y medio, y del máximum de la multa de cinco mil dollars, á quinientos dollars.

Resulta, pues, que no hay nada que demuestre que el Tribunal desatendió la solicitud de clemencia hecha por el Jurado, aunque era de su derecho desatenderla, si lo hubiese tenido por conveniente. No corresponde al deber del Jurado hacer una recomendación de clemencia, siendo su deber solamente declarar al acusado culpable ó no culpable; y el del Tribunal, fijar la pena. Los artículos 283, 320 y 321 del Código de Enjuiciamiento Criminal, regulan semejantes materias.

Tomando en consideración todos los autos, y repasando cuidadosamente cada objeción, presentada en esta causa, haciendo caso omiso del hecho de que no se ha formulado debidamente, ni unido á los autos, un pliego de excepciones, como debía haberse hecho, no hay nada que demuestre que el Tribunal haya cometido error alguno en el juicio de la causa, ó al dictar sentencia en la misma; y por esta razón, la sentencia dictada por el Tribunal de Distrito de Arecibo, el día 4 de Noviembre de 1904, condenando al acusado á tres años y seis meses de trabajos forzados en el presidio, y al pago de una multa de quinientos dollars, debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.